**CROSSROADS SERVICE CENTER, INC., Appellant–Defendant,**

v.

**Robert COLEY and Diane Coley, Appellees–Plaintiffs.**

No. 45A03–0410–CV–459.

Court of Appeals of Indiana.

Dec. 12, 2005.

Publication Ordered Jan. 19, 2006.

Rehearing Denied Feb. 23, 2006.

Kathryn D. Schmidt, David Cerven, Burke Costanza & Cuppy LLP, Merrillville, IN, Attorneys for Appellant.

Steven W. Etzler, Schreiner, Malloy & Etzler, P.C., Highland, IN, Attorney for Appellees.

## OPINION

KIRSCH, Chief Judge.

Crossroads Service Center, Inc. ("Crossroads") appeals the trial court's denial of its motion for summary judgment. Crossroads raises one issue, which we restate as whether the trial court erred in denying its motion for summary judgment because the statute of limitations had run when the Coleys' amended complaint was filed and it could not relate back to the date of the original complaint because the conditions of Indiana Trial Rule 15(C) were not met.

We reverse.

## FACTS AND PROCEDURAL HISTORY [1]

On December 27, 2000, Robert Coley, an employee of Metropolitan Trucking Company, took his truck in for repair to a truck stop/service center at an I–65 truck plaza in Lowell, Indiana. While at the truck stop/service center, Coley suffered permanent injuries, which he alleges occurred due to the negligence of the owners of the premises. *Appellant's App.* at 69. Robert and Diane Coley ("the Coleys") initially filed suit against Crossroads I–65 Truck Plaza, n/k/a Flying J Truck Stop ("Flying J") as the defendant on December 24, 2002. *Appellant's App.* at 83. Counsel for Flying J entered an appearance on January 8, 2003, and filed their answer on February 6, 2003. *Appellant's App.* at 3.

Subsequently, the Coleys discovered through a telephone conference with counsel for Flying J that Flying J did not own the premises where Coley was injured. *Appellant's App.* at 21. On March 12, 2003, the Coleys filed a Motion for Leave to File an Amended Complaint to name Crossroads Service Center, Inc. ("Crossroads") as the defendant. *Appellant's App.* at 73–74. The trial court issued an order granting the Coleys' motion on April 21, 2003. *Appellant's App.* at 72. On April 29, 2003, the Coleys filed their Amended Complaint, which was served on Crossroads on May 10, 2003. *Appellant's App.* at 2.

Crossroads's registered agent, David Kutanovski, received the Summons and the Amended Complaint on May 10, 2003 at his residence in Crown Point, Indiana. *Appellant's App.* at 44. After receiving the amended complaint, Kutanovski gave it to the manager/accountant of Crossroads, Cheryl Almquist. *Appellant's App.* at 42, 45. Both stated that this was the first time that they had received notice of the Coleys' claim. *Appellant's App.* at 42, 45. On September 26, 2003, Crossroads filed a Motion for Summary Judgment, claiming that the Coleys' cause of action was barred because the statute of limitations had elapsed. *Appellant's App.* at 36–40. Crossroads also claimed that the amended complaint did not relate back because the

---

1. Oral argument was heard on this case on November 14, 2005 in Indianapolis. We commend counsel on the quality of their written and oral advocacy.

conditions of Trial Rule 15(C) were not met. *Appellant's App.* at 36–40. After a hearing, the trial court denied Crossroads's Motion for Summary Judgment. *Appellant's App.* at 7–9. In its order, the trial court admitted that it had delayed in ruling on the Coleys' motion, and because of this, the Coleys were not given enough time to file their amended complaint within the 120–day time period. *Appellant's App.* at 8. The trial court then concluded that it was unfair to hold the Coleys to a deadline that they could not meet and that Crossroads was not prejudiced by the timing of the notice it received. *Appellant's App.* at 9. Crossroads filed a petition to certify an interlocutory order for appeal, which was granted by the trial court. *Appellant's App.* at 1. Crossroads now appeals.

## DISCUSSION AND DECISION

When reviewing a grant or denial of summary judgment, we apply the same standard as the trial court: summary judgment is only appropriate when the designated evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Schmidt v. Mut. Hosp. Servs. Inc.*, 832 N.E.2d 977, 980 (Ind.Ct.App.2005). The burden is on the moving party to designate sufficient evidence to eliminate any genuine issues of material fact, and when this requirement is fulfilled, the burden shifts to the nonmoving party to come forth with contrary evidence. *AquaSource, Inc. v. Wind Dance Farm, Inc.*, 833 N.E.2d 535, 538 (Ind.Ct.App.2005). We construe all facts and reasonable inferences to be drawn from those facts in favor of the nonmoving party. *Schmidt*, 832 N.E.2d at 980.

Crossroads argues that the trial court erred when it denied its Motion for Summary Judgment because the statute of limitations had expired and the amended complaint did not relate back to the original complaint pursuant to Trial Rule 15(C). The applicable statute of limitations is determined by identifying the nature or substance of the cause of action. *Schuman v. Kobets*, 716 N.E.2d 355, 356 (Ind.1999). Because the Coleys' cause of action involves injury to person, the applicable statute of limitations is two years. IC 34–11–2–4. "Generally, a new defendant to a claim must be added prior to the running of the statute of limitations; however, Trial Rule 15(C) provides an exception to this rule." *ServiceMaster Diversified Health Servs., L.P. v. Wiley*, 790 N.E.2d 1056, 1059 (Ind.Ct.App.2003), *trans. denied.*

Indiana Trial Rule 15(C) states:

Relation back of amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within one hundred and twenty (120) days of commencement of the action, the party to be brought in by amendment:

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

(2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Ind. Trial Rule 15(C).[2] Therefore, in order for an amended complaint changing

<hr>

2. This new revision of Trial Rule 15(C), which became effective on April 1, 2002, gives a

the party against whom the claim is brought to relate back it must meet the following requirements: (1) the claim in the amended complaint must have arisen out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original complaint; (2) within 120 days after the commencement of the action, the party to be brought into the action must have received notice of the institution of the action that it will not be prejudiced in maintaining a defense on the merits; and (3) within 120 days after commencement of the action, the party knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against the party to be brought in by the amendment.

Crossroads concedes that the claim asserted in the Coleys' amended complaint arose out of the conduct, transaction, or occurrence set forth in the original complaint, but it argues that the other requirements of the rule were not met. It contends that it did not receive notice of the institution of the action within 120 days of the commencement of the action and that it did not know nor should it have known that but for a mistake concerning the identity of the proper party, the action would have been brought against it within the requisite 120 days either.

■■■ The claimant bears the burden of bringing suit against the proper party

within the statute of limitations. *Seach v. Armbruster*, 725 N.E.2d 875, 878 (Ind.Ct. App.2000) (citing *Wathen v. Greencastle Skate Place, Inc.*, 606 N.E.2d 887, 894 (Ind.Ct.App.1993)). The party who seeks relation back bears the burden of proving that the conditions of Trial Rule 15(C) are met. *Wabash Grain, Inc. v. Smith*, 700 N.E.2d 234, 239 (Ind.Ct.App.1998), *trans. denied*. In the present case, Crossroads was served with the amended complaint on May 10, 2003, which was 137 days after the original complaint was filed. Kutanovski, the registered agent of Crossroads, and Almquist, the manager/accountant of Crossroads, both stated in their affidavits that they did not have any knowledge of the action or any claim of injury by the Coleys prior to receiving the amended complaint. *Appellant's App.* at 42–45. Therefore, Crossroads claims that it could not have known that but for a mistake concerning the identity of the proper party, the action would have been brought against it.

Because we find no Indiana cases applying the revised Trial Rule 15(C) and because the Indiana Trial Rules are based on the federal rules, it is appropriate to look to federal decisions for guidance in determining the outcome of this case. *Foor v. Town of Hebron*, 742 N.E.2d 545, 552 (Ind. Ct.App.2001). The Seventh Circuit has stated that Federal Rule 15(c)(3)[3] only

party attempting to have their amended complaint relate back to their original complaint an additional 120 days in which to give notice of the institution of the action. The prior version of the rule allowed relation back if the requirements were met "within the period provided by law for commencing the action against him."

**3.** (c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when

. . .

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the

permits an amendment to relate back to the original complaint when an error has been made concerning the identity of the proper party and where that party is chargeable with the knowledge of that mistake, but relation back is not permitted when there is a lack of knowledge of the proper party. *Baskin v. City of Des Plaines,* 138 F.3d 701, 704 (7th Cir.1998); *Delgado–Brunet v. Clark,* 93 F.3d 339, 344 (7th Cir.1996).

In this case, Coley did not know upon whose premises he was injured, and he named a completely different corporation in the original complaint. Crossroads was not chargeable with the knowledge of this because both Kutanovski and Almquist stated in their affidavits, which were designated to the trial court, that they did not know of the Coleys' claim until they received the amended complaint, which was after the 120 days had passed. The Coleys failed to designate any evidence which would contradict Crossroads's assertions and would create a genuine issue of material fact necessary to defeat a motion for summary judgment. Therefore, the Coleys' did not establish the third requirement of Trial Rule 15(C), and the amended complaint cannot relate back. The trial court erred when it allowed the Coleys' amended complaint to relate back and when it denied Crossroads's motion for summary judgment.

Reversed.

MAY, J., and BARNES, J., concur.

### ORDER

This Court heretofore handed down its opinion in this case on December 12, 2005, marked Memorandum Decision, Not for Publication.

Comes now the Appellant, by counsel, and files herein Motion for Publication of Opinion, alleging therein that the issue before this Court on this appeal was one of first impression concerning the application of the revision to Trial Rule 15(C) concerning the relation back of amendments to complaints to add defendants.

The Appellant alleges that this case is important because it is the first case that considers this revision to Trial Rule 15(C) and should be published to give all parties and counsel the benefit of how the rule will be applied.

The Court having examined said Motion, having reviewed its opinion in this case and being duly advised, now finds that the same should be granted.

IT IS THEREFORE ORDERED that the Appellant's Motion for Publication of Opinion is GRANTED, and this Court's opinion in this appeal heretofore handed down in this cause on December 12, 2005, marked Memorandum Decision, Not for Publication, is now ORDERED published.

proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c)(3).