**Robert V. ROHRMAN, Petitioner,**

**v.**

**TIPPECANOE COUNTY ASSESSOR, Respondent.**

No. 49T10–0812–TA–67.

Tax Court of Indiana.

Feb. 10, 2009.

Charles Max Layden, Layden & Layden, Lafayette, IN, Attorney for Petitioner.

Gregory F. Zoeller, Attorney General of Indiana, Nancy Hauptman, John D. Sneth-en, Deputy Attorneys General, Indianapolis, IN, Attorneys for Respondent.

## ORDER ON RESPONDENT'S MOTION TO DISMISS

FISHER, J.

Robert V. Rohrman (Rohrman) appeals the final determination of the Indiana Board of Tax Review (Indiana Board) valuing his real property as of the March 1, 2004 and 2005 assessment dates. The matter is currently before the Court on the Tippecanoe County Assessor's (the Assessor) motion to dismiss.

### RELEVANT FACTS AND PROCEDURAL HISTORY

On October 20, 2008, the Indiana Board issued a final determination in which it affirmed the Tippecanoe County Property Tax Assessment Board of Appeals' valuation of several parcels of land in Tippecanoe County belonging to Rohrman. On December 1, 2008, Rohrman timely filed an appeal with this Court. *See* IND.CODE ANN. § 6–1.1–15–5(c) (West 2008) (stating that a person may appeal an Indiana Board final determination with this Court no later than 45 days after the Indiana Board gives notice of its final determination). In his petition, Rohrman named the Fairfield Township Assessor as the sole respondent.

On December 12, 2008, Rohrman filed an amended petition for the sole purpose of changing the respondent from the Fairfield Township Assessor to the Assessor. *See* IND.CODE ANN. § 6–1.1–15–5(b) (West 2008) (stating that a petition for judicial review of an Indiana Board final determination shall name the county assessor as the respondent). On January 2, 2009, the Assessor filed her appearance, her responsive pleading (answer), and a motion to

dismiss Rohrman's appeal. Additional facts will be supplied as necessary.

## ANALYSIS AND OPINION

The Assessor seeks to have Rohrman's appeal dismissed on the basis that it invokes neither this Court's subject matter jurisdiction nor its personal jurisdiction.[1] (Resp't Mot. to Dismiss ¶ 5 (footnote added).) More specifically, the Assessor asserts that Rohrman had 45 days from the date of the Indiana Board's final determination to file an original tax appeal which named her as the respondent and to effect service of process upon her. The Assessor maintains that because Rohrman did not name her as a respondent and serve her until December 12, 2008, when he filed his amended petition—which was 53 days after the Indiana Board's final determination—"[Rohrman] should not be permitted to amend his Petition and this matter should be dismissed." (Resp't Mot. to Dismiss ¶ 17.) The Court, however, disagrees.

First of all, Rohrman's failure to name the Assessor in his December 1, 2008 petition is not the type of error that implicates this Court's subject matter jurisdiction.[2] Rather, it is the type of procedural error that may prevent this Court from *exercising* its jurisdiction. *See K.S. v. State,* 849 N.E.2d 538, 541–42 (Ind.2006) (stating that to characterize procedural defects or errors as "jurisdictional" misapprehends that concept) (citation omitted); *Packard v. Shoopman,* 852 N.E.2d 927, 930–32 (Ind. 2006) (stating that a party's challenge to a

procedural error must be timely raised or it is waived).

■ Second, while the general rule requires that a new defendant to a claim be added prior to the running of the statute of limitations, "Trial Rule 15(C) provides an exception to th[at] rule." *Crossroads Serv. Ctr. v. Coley,* 842 N.E.2d 822, 824 (Ind.Ct.App.2005) (citation omitted), *trans. denied.* Indiana Trial Rule 15(C) provides:

> *Relation back of amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. *An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within one hundred and twenty (120) days of commencement of the action, the party to be brought in by amendment:*
>
> (1) *has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and*
>
> (2) *knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.*

Ind. Trial Rule 15(C) (emphasis added).

■ It is unequivocally clear that, in this case, these requirements have been met. Rohrman's claim in his amended

---

1. Indiana courts possess two kinds of jurisdiction: subject matter jurisdiction and personal jurisdiction. *K.S. v. State,* 849 N.E.2d 538, 540 (Ind.2006). Subject matter jurisdiction is the power of a court to hear and determine the general class of cases to which the proceedings before it belong. *Id.* Personal jurisdiction goes to whether appropriate process was effected over the parties. *Id.*

2. This Court has subject matter jurisdiction "over any case that arises under the tax laws of Indiana and that is an initial appeal of a final determination made by" either the Indiana Department of State Revenue (DOR) or the Indiana Board. IND.CODE ANN. § 33–26–3–1 (West 2008). Both those requirements are met in this case.

petition is the exact same claim that was asserted in his original petition. The Assessor received a copy of the amended petition on December 15, 2008—11 days after commencement of the original petition. (See Pet'r Mem. In Opp'n to Resp't Mot. to Dismiss ¶ 6, Ex. B.) As a result, it is absurd for the Assessor to claim that somehow she is prejudiced in maintaining her defense on the merits: she had time to file her responsive pleading (appearance, answer, and motion to dismiss) as evidenced by the fact that she did so and before it was even due.[3] *See* Indiana Tax Court Rule 5 (footnote added).

**3.** Summons was actually issued to the Assessor, via certified mail from the Clerk of the Courts office, on December 16, 2008. Ac-

## CONCLUSION

For the foregoing reasons, the Assessor's motion to dismiss is DENIED. The case shall therefore proceed on its merits, with briefing due in accordance with this Court's order of January 30, 2009.

cordingly, the Assessor's claim that there was insufficiency of process (and thus, a lack of personal jurisdiction) also fails.