**Samuel D. RAISOR and Christy Raisor, Appellants–Plaintiffs,**

v.

**JIMMIE'S RACEWAY PUB, INC. d/b/a Fireman's Raceway Pub and Edward O. Carter, Appellees–Defendants.**

No. 49A05–1010–CT–629.

Court of Appeals of Indiana.

April 8, 2011.

David B. Wilson, Indianapolis, IN, Attorney for Appellants.

Stephen R. Buschmann, Stephen R. Donham, Thrasher Buschmann & Voelkel, P.C., Indianapolis, IN, Attorneys for Appellees.

## OPINION

CRONE, Judge.

### Case Summary and Issues

In this case, we examine the procedural rules governing the time limitations for filing a complaint and amending it to substitute a defendant. Here, a man was allegedly assaulted by an underage patron at a local pub. One year later, the man and his wife sent a letter to the pub stating that they had hired an attorney. Two months later, they received a letter from the pub's insurance company denying coverage and suggesting that all future correspondence be directed to the purported pub owner.

Nineteen months after the alleged assault, the couple filed a personal injury action against the assailant and the purported pub owner, using an office address obtained from the Indiana Secretary of State's office. However, the purported pub owner had vacated that address in 2008, and the summons was returned to sender. After a second attempt, the couple's attorney sent a letter to the purported pub owner advising the company of their intent to seek a default judgment. Although the letter was addressed to the since-vacated office, the mail carrier noted the name of the pub on the letter and delivered the letter to the actual pub, which was located two blocks from the since-vacated office. A pub employee signed for the letter and gave it to the president of the company that was the pub's true owner. When the president read the letter and realized that the couple had misidentified the owner of the pub, he called their attorney to obtain a copy of the complaint. He also sent a copy of the complaint to the president of the misidentified purported owner who, until that date, was also unaware of the lawsuit. By this time, twenty-three months had elapsed since the alleged assault, and 128 days had elapsed since the couple had filed their original complaint. A week later, the purported owner asked the trial court for an extension of time to assess the complaint and formulate a response to it. Three weeks later, the purported owner filed a motion to dismiss on the basis that it was not the true owner of the pub, which it properly identified in the motion. The trial court granted the purported owner's motion to dismiss.

Four weeks thereafter, the couple, Samuel D. and Christy Raisor ("the Raisors") filed an amended complaint, substituting the true owner, Jimmie's Raceway Pub, Inc. ("Jimmie's"), as a defendant in place of the purported owner, FQC Group, Inc. ("FQC"). Jimmie's filed a motion to dismiss/motion for summary judgment, claim-

ing that the amended complaint was barred due to the expiration of the two-year statute of limitations and the expiration of the 120–day period for amending complaints to add a new party. The trial court eventually dismissed the case against FQC.

The Raisors now appeal, claiming that the trial court erred in concluding that their action was barred by the statute of limitations and the trial rule governing amended complaints. They also assert that the trial court abused its discretion in denying their motion for an extension of the notice period. We agree with both assertions and reverse and remand for further proceedings consistent with this decision.

### Facts and Procedural History

On March 17, 2008, Samuel Raisor sustained injury when he was allegedly assaulted by an underage patron, Edward O. Carter, at Fireman's Raceway Pub ("Fireman's"), located at 9104 Crawfordsville Road in Indianapolis. On March 19, 2009, the Raisors' counsel sent a letter to Fireman's at the pub's aforementioned address indicating that they had retained counsel. On June 18, 2009, the Raisors received via fax a letter from Maryland Casualty Company in which the insurer listed the insured as FQC; stated that coverage was denied; and stated that all future correspondence should be sent directly to FQC.

On July 30, 2009, the Raisors accessed the Indiana Secretary of State's business entity reports and found that FQC's corporate office address was listed as 8918 Crawfordsville Road, Indianapolis. However, the offices at 8918 Crawfordsville Road had been vacant since August 2008. On October 20, 2009, the Raisors filed their original complaint against Carter and FQC. They sent a summons via certified mail to FQC at 8918 Crawfordsville Road, but it was returned to sender. They made a second attempt on December 16, 2009, via alias summons obtained through the court and served by copy service on December 21, 2009. The courier left the summons attached to the door of the vacated office.

On February 25, 2010, the Raisors sent letters by both certified and first class mail to FQC at 8918 Crawfordsville Road advising FQC of their intent to seek a default judgment. On Friday, February 26, 2010, the mail carrier observed that the name of the addressee included "FQC d/b/a Fireman's Raceway Pub" and, noting that Fireman's was located just two blocks away at 9104 Crawfordsville Road, delivered the certified letter to the pub. The employee who signed for the letter gave it to Jimmie's president Jim Childs, who opened and read it.

On Monday, March 1, 2010, Childs called the court to request a copy of the complaint and summons. That day, he obtained a faxed copy of the alias summons and complaint from the Raisors' counsel. That same day, he sent a copy to FQC's president, Gene Konzen, who also was unaware of the lawsuit. On March 3, 2010, FQC filed a motion for enlargement of time, requesting thirty days to analyze the complaint and formulate a response to it. In its motion, FQC neither denied doing business as Fireman's nor mentioned Jimmie's at all, other than a brief reference to "Jim Chiles." Appellants' App. at 18–20. On March 26, 2010, FQC filed a motion to dismiss and/or for summary judgment based on its lack of any ownership interest in Fireman's. In this motion, FQC identified Jimmie's as the entity doing business as Fireman's.

On April 14, 2010, the Raisors filed a motion for leave to file an amended complaint substituting Jimmie's as a party defendant. The trial court granted the motion on April 19, 2010. On April 21, 2010,

counsel for FQC filed an appearance on behalf of Jimmie's. On April 28, 2010, the Raisors filed an amended complaint substituting Jimmie's as a defendant in place of FQC. On May 7, 2010, Jimmie's filed a motion to dismiss and/or for summary judgment, claiming that the action was barred by the two-year statute of limitations for personal injury actions and that the amended complaint could not relate back to the original filing date because Jimmie's received notice of the action after the expiration of the 120–day period allowed under Indiana Trial Rule 15(C).

On July 23, 2010, pursuant to Indiana Trial Rule 6(B), the Raisors filed a motion for extension of the notice period allowed by Trial Rule 15(C). On August 13, 2010, the trial court held a hearing on Jimmie's motion for summary judgment and on the Raisors' motion for extension of time. On August 20, 2010, the trial court issued findings of fact and conclusions thereon and entered an order denying the Raisors' motion for extension of time and granting Jimmie's motion for summary judgment. On September 16, 2010, the Raisors filed a motion to correct error. The trial court denied their motion on September 21, 2010. This appeal ensued. Additional facts will be provided as necessary.

### Discussion and Decision

### I. Motion for Summary Judgment

The Raisors contend that the trial court erred in granting summary judgment in favor of Jimmie's. Summary judgment is appropriate where the designated evidence shows that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). When reviewing a summary judgment ruling, we construe the facts and reasonable inferences in favor of the nonmoving party. *Dugan v. Mittal Steel USA Inc.,* 929 N.E.2d 184, 186 (Ind. 2010). The party appealing the grant of

summary judgment has the burden of persuading this court that the trial court's ruling was improper. *Motorists Mut. Ins. Co. v. Wroblewski,* 898 N.E.2d 1272, 1274 (Ind.Ct.App.2009), *trans. denied.*

■ Here, the trial court entered detailed findings of fact and conclusions thereon in support of its judgment. Special findings are not required in summary judgment proceedings and are not binding on appeal. *First Farmers Bank & Trust Co. v. Whorley,* 891 N.E.2d 604, 608 (Ind. Ct.App.2008), *trans. denied.* However, such findings offer valuable insight into the trial court's rationale for its review and thus facilitate appellate review. *Id.*

The Raisors assert that the trial court misconstrued the trial rule governing amendments to a complaint. The parties agree that the Raisors' cause of action is a personal injury claim subject to a two-year statute of limitations. Ind.Code § 34–11–2–4. The crux of their dispute concerns how the statute of limitations works together with Indiana Trial Rule 15(C), which governs the timing of amendments made to a complaint in order to substitute a party.

Indiana Trial Rule 15(C) states:

Relation back of amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within one hundred and twenty (120) days of commencement of the action, the party to be brought in by amendment:

(1) has received such notice of the institution of the action that he will not

be prejudiced in maintaining his defense on the merits; and

(2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Here, the alleged assault occurred on March 17, 2008, and the Raisors filed their complaint against "FQC Group, Inc. d/b/a Fireman's Raceway Pub" on October 20, 2009. As such, they initiated their action within the applicable two-year statute of limitations. However, FQC never did business as Fireman's Raceway Pub ("Fireman's"). Instead, Jimmie's was the true owner of Fireman's. Thus, the Raisors' complaint misidentified the pub's true owner.

"[T]he onus of bringing suit against the proper party within the statute of limitation is upon the claimant." *Rieth–Riley Const. Co. v. Gibson*, 923 N.E.2d 472, 478 (Ind.Ct.App.2010). As such, it was necessary for the Raisors to amend the complaint to substitute the true pub owner as a defendant. However, they did not officially do so until forty-two days after the two-year limitations period had expired.

As a general rule, a new defendant to a claim must be added prior to the running of the statute of limitations; however, Trial Rule 15(C) provides an exception to that rule by allowing the amendment to relate back to the date of the original complaint under certain circumstances. *Crossroads Serv. Ctr., Inc. v. Coley*, 842 N.E.2d 822, 825 (Ind.Ct.App.2005), *trans. denied* (2006). Where no more than 120 days have elapsed since the filing of the original complaint and (1) where the claim arises out of the same conduct; (2) the substituted defendant has notice such that he is not prejudiced by the amendment; and (3) the substituted defendant knows or should know that but for the misidentification, the action should have been brought against

him, then the amended complaint relates back to the date of the original complaint. Ind. Trial Rule 15(C). The party who seeks the benefit of the relation back doctrine bears the burden of proving that the conditions of Trial Rule 15(C) are met. *Coley*, 842 N.E.2d at 825.

First, we note that neither party disputes that the claim arose out of the same conduct, namely, the alleged assault by the underage patron, and that the issue is whether the pub owner is liable for such conduct. Likewise, the parties agree that Jimmie's knew or should have known, prior to the running of the statute of limitations, that but for a mistake concerning the identity of the proper party, the action would have been brought against it. When the Raisors' default letter was delivered to the pub, it was readily apparent to Jimmie's president Childs that FQC had been misidentified as the defendant pub owner. Immediately thereafter, he sought and obtained a copy of the original complaint and notified FQC of the mistake. Thus, the key issue is not Jimmie's knowledge that a misidentification had occurred, but rather the timing of Jimmie's knowledge of the lawsuit.

The Raisors assert that Jimmie's received notice as required under Trial Rule 15(C). The purpose behind the notice requirement is to ensure that the defendant will not be prejudiced in maintaining its defense on the merits. *Porter County Sheriff Dep't v. Guzorek*, 857 N.E.2d 363, 370 (Ind.2006). "[D]emonstrating prejudice requires the party seeking dismissal of the amended complaint to show that it was unfairly denied the opportunity to present facts or evidence which it would have presented had the amendments been timely." *Id.* (citation and quotation marks omitted).

[R]elation back is meaningful only if the statute of limitations had run before the

new party was added. If loss of a limitations defense were sufficient to establish prejudice, Trial Rule 15(C)'s explicit extension of the statutory period would serve no purpose. No amendment changing the party after the statute of limitations had expired could ever relate back because the added defendant would always be able to claim prejudice.

*Id.* at 370–71.

Here, the 120–day period from the date of the original complaint extended to February 17, 2010. At that time, Jimmie's had no notice of the Raisors' legal action filed against Carter and FQC. What makes this case unique, however, is that when the 120–day period contained in the rule expired on February 17, 2010, the two-year limitations period for this personal injury action had not yet expired. It would not expire until March 17, 2010, and it was in the interim that Jimmie's became aware that the Raisors had mistakenly named FQC as a party defendant instead of Jimmie's. Because Jimmie's gained actual knowledge of the lawsuit on February 26, 2010, three weeks before the two-year statute of limitations expired, it is difficult to see how its defenses were prejudiced at that time.

Interestingly, Jimmie's discovered the existence of the lawsuit before FQC was even aware that it had been sued, and it was Jimmie's that forwarded a copy of the complaint to FQC. On March 3, 2010, immediately after FQC learned that it had been wrongly identified as the pub owner, FQC filed a motion for extension of time to answer the complaint. Meanwhile, the statute of limitations had expired on March 17, 2010, and the Raisors were still unaware of the mistake because FQC's motion had neither listed its defense of non-ownership nor identified Jimmie's as the pub's true owner. As a result, the Raisors were the last of the parties to discover the mistake, since it was not until March 26, 2010, when FQC filed its motion to dismiss, that Jimmie's was identified as the pub's true owner.

On April 16, 2010, the Raisors filed a motion for leave to file an amended complaint to replace FQC with Jimmie's as a party defendant. The trial court granted their motion even though the statute of limitations had expired. When the Raisors filed their amended complaint against Jimmie's on April 28, 2010, the statute of limitations had been expired for forty-two days. Thus, while the amended complaint was not filed until the expiration of both periods, the Trial Rule 15(C) notice requirements were met within the two-year statute of limitations but outside the 120–day period listed within the rule.

When determining how the 120–day time limit interacts with the statute of limitations, it is helpful to examine Indiana Trial Rule 15(C) in conjunction with its federal counterpart. Rule 15(c) of the Federal Rules of Civil Procedure contains language nearly identical to Indiana's rule regarding the requirements of same conduct, non-prejudicial notice of the action, and knowledge that but for a mistake, the action would have been brought against the new party defendant. The federal rule does not include the 120–day limiting language; rather, it cites to the deadline mentioned in Federal Rule of Civil Procedure 4(m) for service of the summons and complaint, which is 120 days after the filing of the complaint.

Indiana's trial rules do not contain this additional rule regarding service of the summons and complaint, yet it appears that the 2002 amendments to our Trial Rule 15(C) somehow intended to parallel Federal Rule 4(m)'s time limit for service. Before it was revised in 2002, Trial Rule 15(C) "allowed relation back if the requirements were met within the period provided

by law for commencing the action against him." *Coley*, 842 N.E.2d at 824 n. 2 (citation and internal quotation marks omitted).

This Court's decision in *Coley* also provides helpful guidance. In that case, the plaintiffs filed an action against the wrong party defendant, whom they believed was the true owner of the truck stop where Mr. Coley was injured. As in the present case, the Coleys' personal injury action was subject to a two-year statute of limitations. They filed their original action three days before the two-year limitations period expired, but they misidentified the defendant truck stop owner. A couple months later, during a telephone conference with the purported truck stop owner, they learned that they had sued the wrong defendant property owner and sought to file an amended complaint under Trial Rule 15(C). The trial court granted the Coleys' request to utilize the relation back doctrine in Trial Rule 15(C) to file an amended complaint 137 days after the date of their original complaint, and this Court reversed. We find *Coley* to be distinguishable from the present case, however, because there, the plaintiffs failed to present any evidence to indicate that the true owner of the truck stop was placed on the required notice of the misidentification until *after* the two-year statute of limitations had expired. Thus, they did not establish that the requirements of Trial Rule 15(C) were met at any time during the limitations period. In contrast, here, Jimmie's gained actual notice of the misidentification of the pub owner *before* the two-year limitations period expired. Thus, in *Coley*,

the statute of limitations had expired before the Trial Rule 15(C) requirements were met, *and* the 120–day limit for relation back had expired before the plaintiffs filed their amended complaint. Here, there were three weeks remaining in the two-year limitations period when the trial rule's notice requirements were met.

We agree with the *Coley* Court, when it noted that the 2002 revision to Trial Rule 15(C) "gives a party attempting to have their amended complaint relate back to their original complaint an *additional* 120 days in which to give notice of the institution of the action." *Coley*, 842 N.E.2d at 824 n. 2 (emphasis added). Practically speaking, this revision would allow a plaintiff who waits to file his complaint on the last possible day within the two-year limitations period to have 120 days *after* the expiration date to substitute a proper party defendant. In this case, Jimmie's gained actual knowledge of the Raisors' mistake on February 26, 2010. If the Raisors had waited until March 17, 2010, the last day to file their original complaint against FQC, then they would have had an *additional* 120 days from that date, July 15, 2010, to substitute Jimmie's as a party defendant. The fact that the Raisors filed their original complaint earlier should not work to penalize them. We do not believe that the amended trial rule was designed to *shorten* the period of time that plaintiffs have to file their claims. *See Guzorek*, 857 N.E.2d at 368 ("the basic goal of the trial rules [is] to promote decisions on the merits").[1] Otherwise, the relation back func-

---

1. The 2002 amendments to Indiana Trial Rule 15(C) have drawn sharp criticism from Professor William Harvey. *See* William F. Harvey, 2 *Indiana Practice: Rules of Procedure Annotated* § 15.0 at 5 (3d ed.2010–2011 pocket part) (describing the 2002 amendments as "radical," "generat[ing] functional chaos, and ... impos[ing] expensive appeals"; observing

that the new rule "appears to imitate parts of Federal Rule 15(c), but that [the Federal] Rule and its decisions cannot inform this Rule because Indiana does not have the service of process provisions found in F.R.C.P. 4(m)"; and concluding that the new rule "does not solve conflicts ... it creates conflicts and it creates problems"). Despite Professor Har-

tion would be rendered meaningless. Simply put, where the statute of limitations is still running, the 120–day limit found in Trial Rule 15(C) cannot be permitted to operate prematurely to bar the claim.

■ In sum, we conclude that where, before the statute of limitations expires, a substituted defendant gains knowledge of a lawsuit clearly intended to be filed against it, but erroneously filed against another defendant, the 120–day limitation to the relation back doctrine cannot operate to shorten the time period in which a plaintiff who utilizes the entire limitations period would be afforded to file an amended complaint under Trial Rule 15(C). In other words, assuming the requirements of Trial Rule 15(C) are otherwise met, the 120–day limit will be applied only to *enlarge* the applicable statute of limitations. In so holding, we do not intend to create an open-ended rule; rather, in keeping with fairness to the parties and the spirit of the trial rules, we conclude that, as long as Trial Rule 15(C)'s requirements are otherwise met within the statute of limitations, the last date to file an amended complaint would be 120 days after the statute of limitations has expired. Thus, because the statute of limitations had not expired when Jimmie's discovered the Raisors' misidentification of the pub owner defendant, Jimmie's was not prejudiced by the trial court's action in granting the Raisors leave to file their amended complaint. As such, we conclude that the trial court erred in granting summary judgment in favor of Jimmie's.

## II.  Motion to Extend Notice Period

■ The Raisors contend that the trial court erred by denying their Indiana Trial Rule 6(B) motion to extend the Trial Rule 15(C) notice period to March 1, 2010. Trial courts generally have broad authority to order enlargements of time. *Chandler v. Dillon ex rel. Estate of Bennett,* 754 N.E.2d 1002, 1005 (Ind.Ct.App.2001). We review the trial court's decision whether to grant a motion for enlargement of time for an abuse of discretion. *Daugherty v. Robinson Farms, Inc.,* 858 N.E.2d 192, 196 (Ind.Ct.App.2006), *trans. denied* (2007). Trial Rule 6(B) states in part that when an act is required to be done "within a specific time by these rules, the court may at any time for cause shown .... [u]pon motion made after the expiration of the specific period, permit the act to be done where the failure to act was the result of excusable neglect[.]"

Based on our holding on the statute of limitations issue discussed *supra,* the Raisors' amended complaint relates back and thus renders Trial Rule 6(B)'s equitable remedy unnecessary. Nonetheless, we note that the Raisors were eligible for such a remedy because any neglect on their part was excusable. First, they sent their initial correspondence regarding the assault directly to Fireman's at the pub, and the return correspondence from Maryland Casualty denied coverage, identified the insured as FQC, and instructed the Raisors to send future correspondence to FQC. The Raisors' reliance on the insurer's erroneous instructions caused them to misidentify the true pub owner in their original complaint. Moreover, their delay in discovering the pub owner's true identity was also due in part to the incorrect corporate address that FQC had on file in the Indiana Secretary of State's office. In fact, because of the serendipitous intervention of a conscientious mail carrier, both Jimmie's and FQC discovered the Raisors'

vey's predictions, this is apparently the first case before us to present the issue in this exact context.

error before the Raisors did. When FQC discovered the error, it requested and was granted an extension of time to answer the complaint. Because such motion did not address the misidentification of the pub's true owner, this further delayed the Raisors' discovery of their mistake. When the Raisors eventually discovered the error through FQC's subsequent motion to dismiss, they requested and were granted leave of court to file their amended complaint substituting Jimmie's as a party defendant. Yet, despite the numerous factors contributing to the delay, Jimmie's gained actual knowledge of the error before the two-year statute of limitations had expired, and the Raisors acted diligently to correct the error after they were made aware of it. They acted swiftly to petition the court for leave to amend the complaint, and the court granted their request, adding twelve days to the process. Nonetheless, the amended complaint was filed just forty-two days after the expiration of the statute of limitations.

Notwithstanding our conclusion that the Raisors' amended complaint was not barred by Trial Rule 15(C) and the two-year statute of limitations, we further conclude that any neglect on their part was excusable based on their reliance on public records and the insurer's correspondence. As such, they should have been afforded the protection of the equitable safety net found in Trial Rule 6(B). In sum, we reverse and remand for proceedings consistent with this decision.

Reversed and remanded.

KIRSCH, J., and BRADFORD, J., concur.