**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 26 2012, 9:18 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RICHARD A. ROCAP**
Rocap Musser LLP
Indianapolis, Indiana

ATTORNEYSFOR APPELLEE:

**REGINALD B. BISHOP**
**FELICIA L. HOWELLS**
Roberts & Bishop
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ASSOCIATED ESTATES REALTY CORPORATION, | ) ) ) | |
| Appellant-Defendant, | ) ) | |
| vs. | ) ) | No. 49A02-1105-CT-426 |
| ANGELA MASON, | ) ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David Dreyer, Judge
Cause No. 49D10-1003-CT-10192

**January 26, 2012**

**MEMORANDUM DECISION ON REHEARING – NOT FOR PUBLICATION**

**BARNES, Judge**

We issue this opinion on rehearing following our memorandum decision in Associated Estates Realty Corporation ("AERC") v. Mason, No. 49A02-1105-CT-426 (Ind. Ct. App. Oct. 13, 2011). In that decision, we reversed the trial court's denial of AERC's motion for relief from default judgment on the basis that the trial court lacked personal jurisdiction over AERC, due to Mason's inadequate service of process. Mason has petitioned for rehearing, although as noted in our original opinion, she did not file an appellee's brief and we decided the case on the basis of prima facie error.[1] Normally, we would not countenance an appellee's attempt to rectify their failure to file an original appellee's brief by filing a rehearing petition, which would run counter to the well-established principle that a rehearing petition generally cannot raise issues not raised in the original briefs filed with this court. See State v. Jones, 835 N.E.2d 1002, 1004 (Ind. 2005).

Mason asserts in her rehearing petition that the failure to file an appellee's brief was the unfortunate result of her trial attorney's severely declining health in the months after the trial court's decision and AERC's notice of appeal. As noted by AERC, Mason has not submitted any affidavits or the like chronicling or confirming the extent of her trial attorney's illness, as arguably should have been done pursuant to Indiana Appellate

---

[1] Mason has also filed two different motions with this court requesting leave to file an appellee's brief. We denied the first motion on November 29, 2011. Mason filed the second motion on December 14, 2011, but that motion stated no grounds for relief different from those asserted in the first motion.

Rule 34(F).[2]  Moreover, although Mason's current attorney entered an appearance in this appeal on September 22, 2011, that notice was not accompanied with any explanation for the late appearance.  Nor was there any contemporaneous request to file a belated brief or to delay consideration of this appeal, even though the notice of appearance was filed approximately five weeks after the date Mason's appellee's brief was due.  In the absence of any such request, we proceeded to resolve this appeal without an appellee's brief from Mason.

Nonetheless, in the interests of justice and giving Mason at least some of the benefit of the doubt, we will address her argument on rehearing that we should affirm the trial court on the basis of Raisor v. Jimmie's Raceway Pub, Inc., 946 N.E.2d 72 (Ind. Ct. App. 2011).  Raisor did not concern a default judgment and subsequent claim of insufficient service of process, but rather involved a plaintiff's misnaming of the proper defendant and subsequent attempt to amend the complaint to name the proper defendant after the statute of limitations had passed.  In that case, the plaintiff allegedly was injured in a pub.  The plaintiff's attorney contacted the pub regarding the injury, and the attorney then received correspondence from the pub's insurer, which incorrectly identified the name of the pub owner (the "purported owner") and directed that all future correspondence be sent to the purported owner.  When the plaintiff subsequently filed suit, he named the purported owner as the defendant and sent a summons to the purported

---

[2] Indiana Appellate Rule 34(F) provides that when a motion filed with this court "relies on facts not contained in materials that have been filed with the Clerk, the motion, response, or reply shall be verified and/or accompanied by affidavits . . . ."  Mason's assertions in her rehearing petition regarding her trial attorney's health are not verified.

owner's office address that was registered with the secretary of state. However, the purported owner had vacated that office and never received a copy of the complaint. The plaintiff then sent a letter to the purported owner at the same vacated office, advising that he intended to seek a default judgment. An alert postal carrier delivered a copy of the letter to the actual pub, and a pub employee informed the true owner of the pub of the lawsuit. The true owner also informed the purported owner of the lawsuit. The purported owner successfully moved to be dismissed from the plaintiff's lawsuit. Later, after the statute of limitations for the cause of action had passed, the plaintiff moved to add the true owner as the proper defendant in the lawsuit.

The trial court dismissed the lawsuit against the true owner, but this court reversed. We first held, in a discussion with no relevance to the present case, that Indiana Trial Rule 15(C) operated to make the plaintiff's amendment of his complaint timely. Raisor, 946 N.E.2d at 79. We also stated, after reaching this holding, that any neglect on the plaintiff's part in misnaming the defendant was "excusable" and would have justified an extension of time under Indiana Trial Rule 6(B) to amend the complaint. Id. We noted that the plaintiff's initial correspondence to the pub was responded to by an insurance company that incorrectly identified the purported owner as the pub owner and directed that any future correspondence be sent to the purported owner. Id. Additionally, we observed that further delay in discovering the true owner of the pub was caused by the purported owner's failure to update its business address with the secretary of state's

office.  Id.  Finally, we concluded the plaintiff acted diligently to amend his complaint after learning of the error.  Id. at 80.

Mason contends this case is similar to Raisor because, as we acknowledged in our original opinion, a claims adjuster for AERC, Kathleen Walczak, did misidentify the apartment complex at issue here as "Country Club Apartments" and not the Waterstone apartment complex, where Mason's alleged accident occurred, in two letters sent to Mason or her attorney.  Mason's attorney served the complaint at an address for the Country Club apartment complex in Indianapolis.  Despite some facial similarities, we find Raisor to be readily distinguishable from the facts of this case.  First, this case involves misidentification of the proper address for a defendant and misidentification of the "doing business as" name of AERC.  Unlike in Raisor, Mason was aware of the identity of the proper defendant in this case:  AERC.  AERC's subsidiaries that owned and operated the Waterstone complex had a registered Indiana agent for service of process and there is no argument, unlike in Raisor, that that address was inaccurate.  No attempt at delivery was made at that address, which was a matter of public knowledge.

Additionally, although Walczak mistakenly referred to the "Country Club Apartments" in two letters sent to Mason or her attorney, she correctly referred to the Waterstone complex in at least two other documents they received, including a proferred settlement agreement and release of liability that she sent to Mason.[3]  Unlike in Raisor,

---

[3] In fact, Walczak's second erroneous reference to "Country Club Apartments" was in response to a letter from Mason's attorney erroneously alleging an injury at the Country Club complex, which itself was a direct response to a letter Walczak had written to Mason correctly identifying the Waterstone complex.

5

Walczak did not request that Mason or her attorney direct future correspondence to the Country Club apartment complex. Perhaps most importantly, as we noted in our original opinion, if there was any confusion caused by Walczak's correspondence, it should have been easily resolved by the fact that Mason herself was well aware that her alleged injury occurred at the Waterstone complex, not the Country Club complex.

We need not definitively resolve whether <u>Raisor</u>'s language concerning Indiana Trial Rules 15(C) and 6(B) could be extended to a case of insufficient service process and resulting lack of personal jurisdiction. Even if it could, we conclude it cannot be taken to excuse Mason's failure to properly identify the manner in which to serve AERC, which was a matter of public record, and to attempt service at an apartment complex where Mason knew her alleged injury did not occur and which had no connection to AERC. Thus, we reaffirm our original decision, reversing the denial of AERC's motion for relief from judgment, in all respects.

ROBB, C.J., and BRADFORD, J., concur.