*785 VAIDIK, Chief Judge,
concurring in result.
[81] In this case, the lead opinion concludes that Jeffrey and Cynthia Miller’s fifth amended complaint — in which they sought to name Kristine Danz as John Doe # 8 — does not relate back to the filing of the Millers’ original complaint. I agree, but I reach that conclusion because the facts show that the Millers knew that Danz was John Doe #8 as early as March 2010 — before they commenced this action and nearly three years before they sought the amendment' at issue. See op. at 777-78. The lead opinion’s conclusion, however, is based on an interpretation of Indiana Trial Rules 15(C) and 17(F). This inter-' pretation creates a serious problem for a plaintiff who — for any number of reasons — does not know a defendant’s identity when filing a complaint. Under Judge Friedlander’s reasoning, a plaintiff who diligently pursues such information may have no legal recourse when he obtains it. Because I cannot endorse such a result, I respectfully concur in result.
[32] As the lead opinion points out, this case turns on the interaction between Trial Rules 15(C) and 17(F). Rules pertaining to the amendments of pleadings should be read in conjunction with one another, and here, Rule 15(C) operates as a check on Rule 17(F).
[38] Trial Rule 17(F) provides that “[w]hen the name or existence of a person is unknown, he may be named as an unknown party, and when his true name is discovered his name may be inserted by amendment at any time.” The lead opinion interprets Rule 17(F) to allow a plaintiff to change a complaint’s caption at any time — but does not permit the action to continue as to the newly named defendant. This interpretation renders Rule 17(F) meaningless and potentially denies plaintiffs their day in court. I propose an . alternative interpretation.
[34] I would, read Rule 17(F) to allow the insertion of the name of a real party in interest at any time provided the plaintiff used due diligence to discover the defendant’s identity. Inserting a due-diligence requirement does not conflict with the phrase “at any time.” And under this interpretation, a plaintiff who diligently seeks a defendant’s identity beyond the statute of limitations may have legal recourse against that defendant — provided that the plaintiff can also satisfy the requirements of Rule 15(C). Other jurisdictions impose a similar due-diligence requirement in this context. See, e.g., Sparks v. Alpha Tom Omega Fraternity, Inc., — Nev. -, 255 P.3d 238, 243 (2011); Price v. Clark, 21 So.3d 509, 525 (Miss.2009); Ex parte Nationwide Ins. Co., 991 So.2d 1287, 1291 (Ala.2008); DeRienzo v. Harvard Indus., Inc., 357 F.3d 348, 353 (3d Cir.2004) (applying New Jersey-law); Regjovich v. First Western Invs., Inc., 134 Idaho 154, 997 P.2d 615, 621 (2000); Ensey v. Culhane, 727 A.2d 687, 690 (R.I.1999). Although what constitutes due diligence is typically a fact-sensitive inquiry, courts may consider whether the defendant concealed his identity or obstructed the plaintiff’s investigation, whether the plaintiff utilized discovery or judicial mechanisms in attempting to learn the defendant’s identity, and any unreasonable delay by the plaintiff in amending their pleadings once the defendant’s identity is discovered. See Sparks, 255 P.3d at 243 (citations omitted).
[35] Interpreting Rule 17(F) to require due diligence would not lead to open-ended statutes of limitation in cases where a defendant’s identity is unknown, however, because a plaintiff must also satisfy the *786 requirements of Trial Rule 15(C).[15] Rule 15(C) provides:
Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within one hundred and twenty (120) days of commencement of the action, the party to be brought in my amendment:
(1) Has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and
(2) Knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.
[36] The four requirements set forth in Rule 15(C) — the same conduct, transaction, or occurrence requirement; the 120-day notice, no-prejudice requirements; and the mistake requirement — protect defendants from stale claims in much the same way statutes of limitation do.
[37] While I agree with Judge Fried-lander that a plaintiff must satisfy Rule 15(C) in this situation, I believe that the lead opinion interprets Rule 15(C)’s mistake requirement in a manner that disproportionally favors defendants. See T.R. 15(C)(2) (“An amendment changing the party against whom a claim is asserted relates back if ... the party to be brought in by amendment ... knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him”). Under the lead opinion’s reasoning, a plaintiff can never satisfy Rule 15(C)’s mistake requirement if they lack knowledge of a defendant’s identity.
[38] Admittedly, there is precedent to support Judge Friedlander’s position. In Crossroads Service Center, Inc. v. Coley, 842 N.E.2d 822, 825-26 (Ind.Ct.App.2005), trans. denied, this Court held:
Because we find no Indiana cases applying the revised Trial Rule 15(C) and because the Indiana Trial Rules are based on the federal rules, it is appropriate to look to federal decisions for guidance in determining the outcome of this case. Foor v. Town of Hebron, 742 N.E.2d 545, 552 (Ind.Ct.App.2001). The Seventh Circuit has stated that Federal Rule 15(c)(3) only permits an amendment to relate back to the original complaint when an error has been made concerning the identity of the proper party and where that party is chargeable with the knowledge of that mistake, but relation back is not permitted when there is a lack of knowledge of the proper party. Baskin v. City of Des Plaines, 138 F.3d 701, 704 (7th Cir.1998); Delgado-Brunet v. Clark, 93 F.3d 339, 344 (7th Cir.1996).
(footnote omitted). But after Coley, the United States Supreme Court decided Krupski v. Costa Crociere S.p.A., 560 U.S. 538, 130 S.Ct. 2485, 177 L.Ed.2d 48 (2010). *787 In Krupski, the Supreme Court held that the focus should be the would — be defendant’s knowledge — not the plaintiffs. See 560 U.S. at 548,130 S.Ct. 2485 (“By focusing on Krupski’s knowledge, the Court of Appeals chose the wrong starting point. The question under Rule 15(c)(l)(C)(ii) is not whether Krupski knew or should have known the identity of Costa Crociere as the proper defendant, but whether Costa Crociere knew or should have known that it would have been named as a defendant but for an error.”). And since Krwpski, some courts have recognized that lack of knowledge may be considered a mistake. See Ferencz v. Medlock, 905 F.Supp.2d 656, 668 (W.D.Pa.2012) (“[T]he Third Circuit considers a plaintiffs lack of knowledge regarding a defendant’s identity to constitute a ‘mistake’ within the meaning of Rule 15(c)(l)(C)(ii), and thus permits relation-back amendments of complaints to substitute a real name for a John Doe.”); Archibald v. City of Hartford, 274 F.R.D. 371, 377 (D.Conn.2011) (“In Krupski ... the Supreme Court arguably confirmed that the reference to ‘mistake’ in Rule 15(c)(1)(C) does not necessarily bar relation back for a plaintiff who failed to properly name a defendant because he lacked knowledge of that defendant’s name.”); Abdell v. City of New York, 759 F.Supp.2d 450, 457 (S.D.N.Y.2010) (“After Krupski, it is clear that a mistake ‘concerning the proper party’s identity under Rule 15(c) includes lack of knowledge regarding the conduct or liability of that party.”). In light of Krupski and provided that the other requirements of Rule 15(C) are satisfied, I cannot agree that an amendment should be disallowed merely because a plaintiff “lacked knowledge as to the proper party.” Op. at 784.
[39] Our trial rules aim to strike a balance between promoting decisions on the merits and providing closure, finality, and fairness to defendants. I believe that both interests are served by reading a due-diligence requirement into Rule 17(F), recognizing that Rule 15(C) operates as check on Rule 17(F), and acknowledging that lack of knowledge as to a defendant’s identity may constitute a mistake for purposes of Rule 15(C). I believe Judge Friedlander construes these rules too narrowly and to the detriment of plaintiffs, potentially denying them their day in court. On the other hand, I believe Judge May construes Rule 17(F) too broadly and to the detriment of defendants, potentially allowing stale claims to proceed long after statutes of limitation have run, memories have faded, and evidence has been lost. I respectfully concur in result, however, because the facts show that the Millers knew that Danz was John Doe # 8 before they commenced this action and nearly three years before they filed their fifth amended complaint. For that reason, I agree that the Millers’ fifth amended complaint does not relate back to the filing of the original complaint, and the trial court properly granted summary judgment for Danz.

. I do not believe this Court's analysis in Bems Construction Company v. Miller, 491 N.E.2d 565, 572 (Ind.Ct.App. 1986), reh’g denied, summarily aff'd, 516 N.E.2d 1053 (Ind.1987), prohibits this interpretation. In Bems held that "if a new defendant is added by amendment, the amendment must occur prior to the running of the statute of limitation” but noted that the addition of a new defendant after the statute of limitations has run is permitted if the requirements of Rule 15(C) are met. 491 N.E.2d at 573. To the extent the lead opinion relies on Bems for its conclusions with respect to Rule 15(C)’s mistake requirement, I disagree for the reasons explained below.