CAMOPLAST CROCKER, LLC, The Kelch Corporation, and Seats, Inc., Appellants (Defendants below),

v.

Kris SCHOOLCRAFT, as Personal Representative of the Wrongful Death Estate of Rickie D. Schoolcraft, Deceased, Appellee (Plaintiff below),

Magic Circle Corporation d/b/a Dixie Chopper, Interested Party (Defendant below).

No. 29S02–1407–CT–476.

Supreme Court of Indiana.

July 21, 2014.

Bruce P. Clark, Jennifer E. Davis, Court L. Farrell, Bradley P. Clark, St. John, IN, Attorneys for Appellant Camoplast Crocker, LLC.

Ryan L. Leitch, Zachary T. Lee, Indianapolis, IN, Attorneys for Appellant The Kelch Corporation.

Joshua B. Fleming, Lucy R. Dollens, Timothy L. Karns, Indianapolis, IN, Attorneys for Appellant Seats, Inc.

Stephen J. Peters, Timothy J. Hulett, Indianapolis, IN, Attorneys for Interested Party Magic Circle Corporation d/b/a Dixie Chopper.

Daniel S. Chamberlain, Indianapolis, IN, Attorney for Appellee.

Joseph N. Williams, Indianapolis, IN, Attorney for Amicus Curiae Indiana Trial Lawyers Association.

PER CURIAM.

The plaintiff sued the original defendant, Magic Circle Corporation d/b/a Dixie Chopper, for wrongful death. Later, on the last day before the applicable two-year limitation period expired, the plaintiff moved to amend the complaint to add new defendants and tendered an amended complaint and summonses for the new defendants. Eleven days later, the trial court granted the plaintiff's motion to amend. The new defendants then moved to dismiss or for judgment on the pleadings and argued the amendment was too late, outside the limitation period. The trial court denied the new defendants' motions and certified its ruling for discretionary interlocutory appeal.

The Court of Appeals affirmed in an opinion authored by Judge May and reported as *Magic Circle Corp. v. Schoolcraft*, 4 N.E.3d 768 (Ind.Ct.App.2014). The Court of Appeals held the amendment was timely, deciding not to follow *A.J.'s Automotive Sales, Inc. v. Freet*, 725 N.E.2d 955, 964–66 (Ind.Ct.App.2000),

*reh'g denied, trans. denied,* which reached a different result under similar facts.

We agree with Judge May's analysis and the result reached by the Court of Appeals in the present appeal. Accordingly, we grant transfer, expressly adopt and incorporate by reference pursuant to Indiana Appellate Rule 58(A)(1) the Court of Appeals opinion in this case, and affirm the trial court.

DICKSON, C.J., and RUCKER, DAVID, MASSA, and RUSH, JJ., concur.