

FILED

Jun 28 2016, 9:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William J. Obermeyer
Obermeyer Law
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE

Robert A. Plantz
Aaron C. Lopez
Robert A. Plantz & Associates, LLV
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Elaine Chenore,<br>*Appellant,*<br><br>v.<br><br>Robert Plantz,<br>*Appellee* | June 28, 2016<br><br>Court of Appeals Case No.<br>45A03-1509-CC-1504<br><br>Appeal from the Lake Superior Court<br><br>The Honorable Sheila M. Moss, Judge<br>The Honorable Kathleen Belzeski, Magistrate<br><br>Trial Court Cause No.<br>45D08-1409-CC-670 |

**Bailey, Judge.**

## Case Summary

[1] Elaine Chenore ("Chenore") appeals, following the deemed denial of a motion to correct error challenging the dismissal of her attorney malpractice action

against Robert Plantz ("Plantz"). She presents the sole issue of whether the trial court improperly dismissed the claim pursuant to Indiana Trial Rule 12(B)(6). We reverse.

## Facts and Procedural History

Chenore's complaint, filed May 27, 2014, indicates the following: At all relevant times, Plantz "presented [him]self as engaging in business as [Chenore]'s legal representative as an attorney duly licensed to practice law in the State of Indiana." (App. at 9.) In July of 2005, Chenore hired Plantz to pursue a claim for money damages against William D. Knight ("Knight"). A judgment in the amount of $10,930.00 was obtained in January of 2006. In December of 2006, Knight filed a Chapter 13 Bankruptcy petition. Plantz was notified and collection proceedings were stayed. Plantz informed Chenore of the bankruptcy petition; she did not receive notice directly from a bankruptcy court. Plantz told Chenore to "wait until notified by the Bankruptcy Court" and further told her that he "was going to appear at the Bankruptcy Court." (App. at 10.) Over the next two years, Chenore made inquiries of Plantz, receiving "no positive response." (App. at 10.) Knight paid 100% of the claims filed, but did not pay Chenore anything because no claim was filed on her behalf. Chenore became aware of Knight's bankruptcy discharge in July of 2012.

Plantz filed a motion to dismiss pursuant to Trial Rule 12(B)(6). On April 28, 2015, the parties appeared for a hearing at which argument of counsel was

heard.[1]  Plantz argued that the two-year statute of limitations for attorney malpractice[2] had expired.  Chenore argued in response that the statute of limitations was equitably tolled, in that Plantz had pursued collection of the Knight judgment but did not inform Chenore that he did not represent her for purposes of filing a claim in bankruptcy court.  She claimed to have first discovered her harm within two years of filing her complaint.

[4]  At the conclusion of the hearing, the trial court entered an order providing in pertinent part:  "The Defendant's Motion to Dismiss is granted.  The Plaintiff's claim is barred by the Statute of Limitations."  (App. at 8.)  Chenore filed a motion to correct error, attaching an affidavit.  The trial court conducted an additional hearing but did not rule on the motion to correct error.  The motion was deemed denied.  This appeal ensued.

# Discussion and Decision

## Standard of Review

[5]  A Trial Rule 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim, not the supporting

---

[1] Neither party presented testimony or an evidentiary exhibit.  Accordingly, the proceedings were not converted to summary judgment proceedings pursuant to Trial Rule 12(B):  "If, on a motion, asserting the defense number (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.  In such case, all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

[2] Ind. Code § 34-11-2-4.

facts. *Godby v. Whitehead*, 837 N.E.2d 146, 149 (Ind. Ct. App. 2005), *trans. denied*. Accordingly, we view the complaint in the light most favorable to the non-moving party, and draw every reasonable inference in favor of that party. *Id.* We stand in the shoes of the trial court and must determine if the trial court erred in its application of the law. *Id.* The trial court's grant of a motion to dismiss is proper if it is apparent that the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. *Id.* In making this determination, we look only to the complaint and may not resort to any other evidence in the record. *Id.*

## Analysis

[6] The statute of limitations for attorney malpractice is two years. *Ickes v. Waters*, 879 N.E.2d 1105, 1108 (Ind. Ct. App. 2008). The two-year period begins to run when the plaintiff knows of, or in the exercise of ordinary diligence could have discovered, the tortious conduct. *Id.* Plantz moved to dismiss Chenore's complaint on statute of limitations grounds pursuant to Trial Rule 12(B)(6), which provides in relevant part:

> [T]he following defenses may be made by motion:
>
> (6) Failure to state a claim upon which relief can be granted[.]

[7] A motion to dismiss for failure to state a claim on which relief may be granted may be an appropriate means of raising the statute of limitations. *In re Estate of Carroll*, 436 N.E.2d 864, 865 (Ind. Ct. App. 1982). When the complaint shows

on its face that the statute of limitations has run, the defendant may file a Trial Rule 12(B)(6) motion. *Nichols v. Amax*, 490 N.E.2d 754, 755 (Ind. 1986). The plaintiff may then amend to plead facts in avoidance. *Id.* Dismissal under Trial Rule 12(B)(6) is "rarely appropriate." *State v. Am. Family Voices, Inc.*, 898 N.E.2d 293, 296 (Ind. 2008).

[8] Chenore was not afforded the opportunity to amend her complaint. However, she asserts that the complaint, viewed most favorably to her, indicates that she may prevail on her claim notwithstanding a two-year statute of limitations. According to Chenore, Plantz's representations equitably tolled the statute of limitations and Chenore did not discover her harm until she became aware of Knight's bankruptcy discharge in July of 2012. This was less than two years before she filed her complaint.

[9] Chenore's complaint asserted facts in avoidance of the statute of limitation. To the extent that Plantz has argued that Chenore should have discovered her harm earlier, this presents a factual dispute not apparent on the face of Chenore's complaint. "A complaint is sufficient and should not be dismissed so long as it states any set of allegations, no matter how unartfully pleaded, upon which the plaintiff could be granted relief." *Graves v. Kovacs*, 990 N.E.2d 972, 976 (Ind. Ct. App. 2013).

[10] Accordingly, we agree with Chenore that her complaint was improperly dismissed pursuant to Trial Rule 12(B)(6).

Reversed.

Bradford, J., and Altice, J., concur.