FILED

Oct 20 2016, 9:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Robert F. Ahlgrim, Jr.
State Farm Litigation Counsel
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Kelly Thompson
Thompson Legal Services, LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James A. McGee,

*Appellant-Defendant,*

v.

Shanna Kennedy,

*Appellee-Plaintiff.*

October 20, 2016

Court of Appeals Case No.
49A04-1605-CT-1076

Appeal from the Marion Superior
Court

The Honorable Gary Miller, Judge

Trial Court Cause No.
49D03-1603-CT-9765

**Bailey, Judge.**

# Case Summary

Shanna Kennedy ("Kennedy") and James McGee ("McGee") were involved in an automobile accident and litigation ensued. McGee filed an Indiana Trial Rule 12(B)(6) motion to dismiss on statute of limitations grounds and Kennedy filed an Indiana Trial Rule 59 Motion to Correct Error in order to amend the filing date of her complaint. The trial court granted the Trial Rule 59 motion, McGee filed a motion to reconsider, the motion to dismiss was set for hearing, and McGee initiated an appeal. While the appeal was pending, the trial court purportedly granted the motion to dismiss. Lacking jurisdiction, we dismiss the interlocutory appeal.

# Issue

McGee presents a single, consolidated issue: whether the trial court properly granted Trial Rule 59 relief. Kennedy presents a single, consolidated issue: whether the trial court properly granted McGee's Trial Rule 12(B)(6) motion to dismiss. We address the procedural and substantive allegations of the parties to the extent necessary to resolve an issue that we raise sua sponte: whether there is subject matter jurisdiction to hear the appeal.

# Facts and Procedural History

On March 12, 2014, Kennedy was driving southbound on Interstate 65 in Marion County, Indiana, when her vehicle struck a large pothole and became disabled. She pulled her vehicle to the far right and activated her emergency

flashers. McGee, allegedly intoxicated, crashed his vehicle into Kennedy's vehicle.

[4] Kennedy filed a Complaint for Damages, which was file stamped on March 18, 2016 by the Clerk of the Marion Circuit Court. McGee's answer to the complaint admitted that he had negligently caused the vehicle collision.

[5] On April 5, 2016, McGee filed a Motion to Dismiss, contending that Kennedy's complaint had been filed six days past the two-year statute of limitations of Indiana Code Section 34-11-2-4(a), applicable to personal injury and injury to personal property. On the same day, Kennedy filed a Motion to Correct Error with reference to Indiana Trial Rule 59. Therein, she alleged that her counsel had timely filed the complaint for damages by depositing it with a third-party commercial carrier. She requested that the trial court "order the Chronological Case Summary and the original filings be revised to reflect the appropriate filing date of three (3) days after the Complaint was deposited with a third-party carrier, March 11, 2016." (App. at 11.) Kennedy attached an affidavit executed by her attorney's paralegal, averring that she had deposited the complaint in a United States Postal mailbox on March 9, 2016, and that negotiations had been ongoing at that time between Kennedy's counsel and a representative of McGee's insurance carrier.

[6] On April 18, 2016, Kennedy responded to the motion to dismiss, reiterating that the complaint was mailed on March 9, 2016, admitting that she had no explanation for a nine-day delay in delivery or file-stamping, and arguing that

the ongoing negotiations had rendered the doctrine of equitable estoppel applicable. On the same day, McGee responded to the motion to correct error, claiming that depositing a complaint via regular first-class mail did not satisfy the requirements of Indiana Trial Rule 5(F),[1] and that Kennedy could not avoid a statute of limitations based upon equitable estoppel. McGee attached, as Exhibit A, a letter of January 4, 2016 from Kennedy's counsel to a State Farm Insurance representative, purportedly submitting a "*final* counteroffer" open for ten days. (App. at 25.) (emphasis in original.)

[7] On April 19, 2016, the trial court granted Kennedy's motion to correct error and ordered that the Chronological Case Summary reflect a filing date of March 11, 2016. On April 22, 2016, McGee filed a "Motion to Reconsider Order Granting Plaintiff's Motion to Correct Error." (App. at 27.) Therein, McGee alleged that the motion to correct error had not been properly served and that the trial court's pre-trial, pre-judgment order failed to comply with the specificity requirement of Trial Rule 59(J).[2]

---

[1] Trial Rule 5(F) requires that filing of pleadings with the court shall be made by: (1) delivery to the clerk of the court; (2) sending by electronic transmission; (3) mailing to the clerk by registered, certified or express mail return receipt requested; depositing with a third-party commercial carrier for delivery to the clerk within three days; (5) filing with the judge, if permitted, for transmission to the clerk; or electronic filing. The Rule provides that filing by registered or certified mail and by third-party commercial carrier shall be complete upon mailing or deposit. Finally, the Rule requires that a party filing any paper by any method other than personal delivery to the clerk shall retain proof of filing.

[2] Rule 59(J) provides, in relevant part: "If corrective relief is granted, the court shall specify the general reasons therefor."

[8]    At the same time, McGee also requested a hearing on his motion to dismiss. On May 2, 2016, the trial court set the matter for hearing on June 30, 2016. On May 3, 2016, Kennedy filed a response to the motion to reconsider, contending that there was proper service, and that the "non-traditional" Trial Rule 59 motion was appropriate to address harmful error, but the "Motion should have been treated as a Motion to Correct a Clerical Error." (App. at 31.)

[9]    On May 18, 2016, McGee filed his Notice of Appeal. On May 19, 2016, the trial court denied the motion to reconsider. McGee filed his Appellant's Brief in this Court on June 27, 2016. On June 30, the trial court conducted a hearing on the motion to dismiss. On July 6, 2016, the trial court entered an order purportedly granting the motion to dismiss and setting aside the order of April 19, 2016 on Kennedy's motion to correct error. In so doing, the trial court made a factual finding as to the method of mailing: "the complaint was NOT mailed certified nor was it otherwise timely filed before the two year statute of limitations ran." (Appellee's App. Vol. 2 at 2.) In August, Kennedy filed her Appellee's brief with this Court, attempting to challenge on cross-appeal the dismissal of her complaint.

# Discussion and Decision

## Motion to Correct Error

[10]   The trial court granted Kennedy's motion to correct error without elaboration. According to McGee, Trial Rule 59 does not provide an avenue for relief from a

litigant's own error and, moreover, corrective relief was given without a specific reason as contemplated by Trial Rule 59(J).

[11] Generally, we review a trial court's ruling on a motion to correct error for an abuse of discretion. *City of Indianapolis v. Hicks*, 932 N.E.2d 227, 230 (Ind. Ct. App. 2010), *trans. denied*. However, to the extent the issues raised on appeal are purely questions of law, our review is de novo. *Id.* Whether an appellate court has subject matter jurisdiction presents a question of law reviewed de novo. *Ramsey v. Moore*, 959 N.E.2d 246, 250 (Ind. 2012).

[12] Here, the Chronological Case Summary indicates that the Trial Rule 59 motion to correct error was filed and granted as a pre-trial motion. The authority of this Court to exercise appellate jurisdiction is generally limited to appeals from final judgments. *Ramsey*, 959 N.E.2d at 251.

[13] Indiana Appellate Rule 2(H) defines final judgments. In relevant part, the rule provides:

> A judgment is a final judgment if:
>
> (1) it disposes of all claims as to all parties;
>
> (2) the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties[.]

[14] Here, there is no Trial Rule 54(B) or Trial Rule 56(C) certification; subsection (1) is implicated. "To fall under Appellate Rule 2(H)(1), an order must dispose of all issues as to all parties, ending the particular case and leaving nothing for future determination." *Ramsey*, 959 N.E.2d at 251. McGee argues that his appeal is from a final judgment and not interlocutory, directing our attention to Appellate Rule 2(H)(4), which provides that a final judgment includes "a ruling on either a mandatory or permissive Motion to Correct Error which was timely filed[.]" He also asserts that Kennedy having obtained an order which altered the filing date of the complaint "effectively denied McGee's [Rule 12(B)(6)] Motion to Dismiss." Appellant's Br. at 9.

[15] A Trial Rule 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim rather than the supporting facts. *Chenore v. Plantz*, 56 N.E.3d 123, 125-26 (Ind. Ct. App. 2016). A motion to dismiss for failure to state a claim on which relief may be granted may be an appropriate means of raising the statute of limitations. *Id.* at 126. When the complaint shows on its face that the statute of limitations has run, the defendant may file a Trial Rule 12(B)(6) motion. *Id.* The plaintiff may then amend to plead facts in avoidance. *Id.* Dismissal under Trial Rule 12(B)(6) is seldom appropriate. *Id.*

[16] The accident took place on March 12, 2014. The complaint for damages was file-stamped March 18, 2016. Although McGee could file a Trial Rule 12(B)(6) motion in light of the greater-than two-year time lapse, he could not deprive Kennedy of the opportunity to amend her complaint to plead facts in avoidance

of the statute of limitations. Additionally, Trial Rule 12(B) provides in relevant part:

> If, on a motion, asserting the defense number (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. In such case, all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

[17] In essence, Kennedy sought a summary means to amend her complaint by presenting an affidavit and asking the trial court to correct error with reference to Trial Rule 59. McGee, in turn, filed an "exhibit." (App. at 25.) Kennedy could not, however, simply circumvent summary judgment proceedings by referencing Trial Rule 59 and obtaining a generic ruling thereon. We do not consider her pre-trial motion to be a "timely" filing of a Motion to Correct Error defined as a final judgment by Appellate Rule 2(H)(4).[3] Likewise, McGee could not deprive Kennedy of the opportunity to amend her complaint and obtain a final disposition by means of a dismissal while an appeal pended.[4]

---

[3] Appellate Rule 2(H)(4) provides that a judgment is a final judgment if "it is a ruling on either a mandatory or permissive Motion to Correct Error which was timely filed under Trial Rule 59 or Criminal Rule 16[.]"

[4] An order is void where the trial court lacks authority to act. *Kitchen v. Kitchen*, 953 N.E.2d 646, 651 (Ind. Ct. App. 2011).

[18] In short, the procedures employed did not result in a final judgment, that is, one which disposes of all claims as to all parties. With no final judgment before us, we dismiss the interlocutory appeal.

[19] Dismissed.

Riley, J., and Barnes, J., concur.