

FILED

Oct 13 2017, 10:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark K. Phillips
Boonville, Indiana

ATTORNEYS FOR APPELLEES

Michael E. DiRienzo
Jeffrey W. Ahlers
Kahn, Dees, Donovan & Kahn, LLP
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Charles Brown,

*Appellant-Plaintiff,*

v.

Vanderburgh County Sheriff's Department and Vanderburgh County, Indiana,

*Appellees-Defendants*

October 13, 2017

Court of Appeals Case No.
82A04-1705-CT-1087

Appeal from the Vanderburgh Superior Court

The Honorable S. Brent Almon, Special Judge

Trial Court Cause No.
82D07-1601-CT-132

**Crone, Judge.**

## Case Summary

Charles Brown appeals the trial court's dismissal of his amended complaint against Vanderburgh County Sheriff's Department ("VCSD") and Vanderburgh County, Indiana ("the County"). Brown contends that the trial court erred. Finding no error, we affirm.

## Facts and Procedural History

Brown was involved in a motorcycle accident on July 24, 2014. Due to injuries he suffered in the accident, he was taken by ambulance to Deaconess Hospital in Evansville. Upon his release from the hospital the following day, Brown was arrested by Evansville City Police Department officers for operating a vehicle while intoxicated, and he was transported to the Vanderburgh County Detention Center. Brown was released from the detention center on July 30, 2014.

On January 20, 2015, Brown mailed his tort claim notice to VCSD, Vanderburgh County Sheriff Dave Wedding, Vanderburgh County Commissioners, the Indiana Political Subdivision Risk Management Commission, and the Indiana Attorney General, alleging a claim that he suffered injuries and damages while in the detention center as a result of VCSD's "unprofessionalism, misconduct, failure to provide medical care, and abuse of power." Appellant's App. at 15. A little less than a year later, on January 11, 2016, Brown filed a complaint for damages naming the City of Evansville ("the City") and Un-Named Police Officers as the sole defendants.

On July 26, 2016, the City filed a motion for summary judgment stating that the City had no control or jurisdiction over the Vanderburgh County Detention Center. On August 8, 2016, Brown filed a motion to amend his complaint stating that he had named "the wrong parties" in the initial complaint and that he wished to name VCSD and the County as defendants. *Id*. at 45. The trial court granted his motion to amend on September 8, 2016.

On October 27, 2016, VCSD and the County filed a motion to dismiss arguing that Brown's amended complaint was filed after the expiration of the two-year statute of limitations. Following a hearing, the trial court entered a detailed order granting the motion to dismiss. This appeal ensued.

## Discussion and Decision

A motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim, not the supporting facts. *Veolia Water Indpls., LLC v. Nat'l Trust Ins. Co.*, 3 N.E.3d 1, 4 (Ind. 2014). An appellate court engages in a de novo review of the trial court's grant or denial of a motion based on Indiana Trial Rule 12(B)(6). *Id*. We stand in the shoes of the trial court and must determine if the trial court erred in its application of the law. *Chenore v. Plantz*, 56 N.E.3d 123, 126 (Ind. Ct. App. 2016).

A motion to dismiss for failure to state a claim on which relief may be granted is an appropriate means of raising the statute of limitations. *Id.* When the complaint shows on its face that the statute of limitations has run, the defendant may file a Trial Rule 12(B)(6) motion. *Id.* The trial court's grant of a motion to

dismiss is proper if it is apparent that the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. *Id.*

[8] It is undisputed that Brown's claims against VCSD and the County are subject to a two-year statute of limitations. *See* Ind. Code § 34-11-2-4(a). The undisputed facts similarly show that Brown's cause of action accrued, at the latest, on July 30, 2014, the date Brown was released from the detention center. Therefore, the statute of limitations ran on July 30, 2016. Brown's amended complaint naming VCSD and the County as defendants was not filed until August 8, 2016.[1]

[9] "[T]he onus of bringing suit against the proper party within the statute of limitation is upon the claimant." *Rieth-Riley Constr. Co. v. Gibson,* 923 N.E.2d 472, 478 (Ind. Ct. App. 2010). Brown concedes that his amended complaint naming VCSD and the County as defendants was filed outside the statute of limitations, but he maintains that his amended complaint should relate back to the date of his original complaint pursuant to Indiana Trial Rule 15(C). Under Trial Rule 15(C), a plaintiff may add an entirely new defendant after the statute of limitations has run only after demonstrating that the conditions of the rule

---

[1] There is no dispute that the amended complaint was filed outside the statute of limitations. Thus, although it makes no difference for purposes of our decision, we note that despite the fact that the trial court did not grant the motion to amend until September 8, 2016, the trial court concluded that the amended complaint should have been treated as having been filed on the filing date of Brown's motion to amend, which was August 8, 2016. We agree. *See Magic Circle Corp. v. Schoolcraft*, 4 N.E.3d 768, 771 (Ind. Ct. App. 2014), *aff'd, Camoplast Crocker, LLC v. Schoolcraft*, 12 N.E.3d 251 (Ind. 2014) (concluding that action deemed commenced for purposes of the statute of limitations on date motion to amend complaint was filed as opposed to date trial court granted motion).

governing relation back of amendments have been satisfied. *Magic Circle Corp. v. Schoolcraft*, 4 N.E.3d 768, 770 (Ind. Ct. App. 2014), *aff'd, Camoplast Crocker, LLC v. Schoolcraft*, 12 N.E.3d 251 (Ind. 2014). Specifically, where no more than 120 days have elapsed since the filing of the original complaint and (1) where the claim arises out of the same conduct; (2) the substituted defendant has notice such that he is not prejudiced by the amendment; and (3) the substituted defendant knows or should know that but for the misidentification, the action should have been brought against him, then the amended complaint relates back to the date of the original complaint. *Raisor v. Jimmie's Raceway Pub, Inc.*, 946 N.E.2d 72, 76 (Ind. Ct. App. 2011) (citing Ind. Trial Rule 15(C)).[2] "The party who seeks the benefit of the relation back doctrine bears the burden of proving that the conditions of Trial Rule 15(C) are met." *Id*.

[10] VCSD and the County do not dispute that the claims asserted by Brown in his amended complaint arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. However, VCSD and the County assert that Brown has failed to satisfy the additional conditions of

---

[2] Trial Rule 15 governs the amendment of pleadings, and provides in relevant part:

**(C) Relation back of amendments**. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within one hundred and twenty (120) days of commencement of the action, the party to be brought in by amendment:

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

(2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

the rule governing relation back of amendments. That is, Brown was required to show that, within 120 days after the original complaint was filed, VCSD and the County were on notice of the institution of the action against the City and that they knew or should have known that but for a mistake concerning the identity of the proper party, the action should have been brought against them.

[11] We agree with VCSD and the County that Brown failed to make such a showing. Here, the 120-day period from the date of the original complaint extended to May 11, 2016. At that time, there is no evidence to suggest that VCSD and the County had any notice, actual or constructive, of Brown's legal action filed against the City. Although Trial Rule 15(C) does not require service of process on the new defendant, "notice of the pending of the claim must be such that the added party received either actual or constructive notice of the legal action." *Porter Cty. Sheriff Dep't v. Guzorek*, 857 N.E.2d 363, 368 (Ind. 2006). Contrary to Brown's assertions, his tort claim notice sent to VCSD is not sufficient notice as required by Trial Rule 15(C)(1). Indeed, it is not sufficient that the party is on notice that an injury has occurred or that the plaintiff has retained counsel. *Id.* at 368-69. Thus, the tort claim notice sent to VCSD and the County by Brown did not satisfy Trial Rule 15(C) because it informed VCSD and the County of Brown's potential claims but did not advise that a lawsuit had been filed. *See id*.

[12] Moreover, there has been no showing of a basis to impute knowledge of the filing of Brown's original complaint to VCSD and the County. "Notice of the lawsuit may be actual notice or constructive notice, which may be inferred

based on either the identity of interest between the old and new parties or the fact that they share attorneys." *Id*. at 369. "An identity of interest may permit notice to be imputed to the added party when the original and added party are so closely related in business or other activities that it is fair to presume that the added part[y] learned of the institution of the action shortly after it was commenced." *Id*. (citation and quotation marks omitted). As found by the trial court, there is no basis to impute knowledge of the filing of Brown's original complaint to VCSD and the County because there is no evidence that they shared the same attorney or law firm as the City, and although they "undoubtedly work closely in law enforcement … it would be pure speculation to assume that [VCSD] or the County learned of the lawsuit from the City." Appellant's App. at 12. The record is devoid of any evidence suggesting that VCSD and the County had notice of Brown's lawsuit as required by Trial Rule 15(C)(1).[3]

[13] As Brown has failed to show that VCSD and the County had notice of his lawsuit prior to the expiration of the statute of limitations, we need not reach the question of whether VCSD and the County "knew or should have known that but for a mistake concerning the identity of the proper party, the action

---

[3] We have determined that in a case where, before the statute of limitations expires, a substituted defendant gains knowledge of a lawsuit clearly intended to be filed against it, but erroneously filed against another defendant, the 120-day limitation to the relation-back doctrine cannot operate to shorten the time period in which a plaintiff would be afforded to file an amended complaint under Trial Rule 15(C). *Raisor*, 946 N.E.2d at 79. "In other words, assuming the requirements of Trial Rule 15(C) are otherwise met, the 120-day limit will be applied only to *enlarge* the applicable statute of limitations." *Id*. Here, however, VCSD and the County had no notice of the lawsuit until the date Brown filed his amended complaint, which was after the statute of limitations had already run. Accordingly, the rationale of *Raisor* does not apply.

would have been brought against [them]." *Miller v. Danz*, 36 N.E.3d 455, 458 (Ind. 2015); Ind. Trial Rule 15(C)(2).[4] Brown's amended complaint does not relate back to a date preceding the expiration of the statute of limitations. Accordingly, we affirm the trial court's dismissal of Brown's amended complaint.

Affirmed.

Vaidik, C.J., and Mathias, J., concur.

---

[4] In any event, Brown has presented no evidence that he was mistaken as to the identity of the proper party, i.e., the identity of VCSD and the County, as he named them in his tort claim notice which was filed well before his original complaint. *See Graves v. Ind. Univ. Health*, 32 N.E.3d 1196, 1215 (Ind. Ct. App. 2015). Moreover, we are unpersuaded by Brown's assertions that the City is somehow to blame for his failure to timely amend his complaint to name VCSD and the County as defendants. *See* Appellant's Br. at 10-11.