## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 26 2019, 10:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Willie E. Taylor, Jr.
Michigan City, Indiana

ATTORNEY FOR APPELLEES

Susan M. Severtson
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Willie E. Taylor, Jr.,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>George Fields, et al.,<br>*Appellees-Defendants.* | March 26, 2019<br><br>Court of Appeals Case No.<br>18A-CT-2268<br><br>Appeal from the Lake Superior Court<br><br>The Honorable Bruce D. Parent, Judge<br><br>Trial Court Cause No.<br>45D04-1804-CT-77 |

**Sharpnack, Senior Judge.**

## Statement of the Case

[1] Appellant Willie E. Taylor appeals the trial court's dismissal of his complaint against the Appellees. We affirm.

# Issue

Taylor presents three issues; however, one restated issue is dispositive: whether the trial court erred by dismissing Taylor's complaint.

# Facts and Procedural History

In July 2007, the State charged Taylor with burglary as a Class C felony,[1] auto theft as a Class C felony,[2] and two counts of theft as Class D felonies.[3] In November, pursuant to a plea agreement, Taylor pleaded guilty to the burglary charge as well as a felony count of auto theft in a different cause. The court sentenced him to an aggregate sentence of fourteen years.

Although not clear from the documents on appeal, it appears Taylor filed a petition for post-conviction relief, which was denied. From 2007 through 2017, he also filed numerous documents with the court, including correspondence, requests for documents and exculpatory evidence, and requests for transcripts.

Eleven years later, in April 2018, Taylor filed this civil suit against several police officers, the mayor, assistant mayor, and town manager of the town of Merrillville, claiming that the information contained in the July 2007 police report, probable cause affidavit, and charging information was fabricated. On

---

[1] Ind. Code § 35-43-2-1 (1999).

[2] Ind. Code § 35-43-4-2.5 (1991).

[3] Ind. Code § 35-43-4-2 (1985).

June 20, 2018, the defendants filed a motion to dismiss the civil suit. Taylor filed a response, and thereafter the trial court granted the defendants' motion with a detailed order on August 27. It is from this order that Taylor now appeals.

## Discussion and Decision

As a preliminary matter, we note that Taylor is proceeding pro se. It is well settled that pro se litigants are held to the same legal standards as licensed attorneys. *Lowrance v. State*, 64 N.E.3d 935, 938 (Ind. Ct. App. 2016), *trans. denied*. This means that they must follow the established rules of procedure and accept the consequences when they fail to do so. *Id.*

An appellate court engages in a de novo review of the trial court's grant or denial of a motion based on Trial Rule 12(B)(6). *Brown v. Vanderburgh Cty. Sheriff's Dep't*, 85 N.E.3d 866, 869 (Ind. Ct. App. 2017). A motion to dismiss under Rule 12(B)(6) tests the legal sufficiency of a claim, not the supporting facts. *Id.* Accordingly, we must determine if the trial court erred in its application of the law, and we consider the complaint in the light most favorable to the nonmoving party and draw every reasonable inference in favor of that party. *Chenore v. Plantz*, 56 N.E.3d 123, 126 (Ind. Ct. App. 2016). The grant of a motion to dismiss is proper if it is apparent that the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. *Brown*, 85 N.E.3d at 869.

[8]     In its order dismissing the lawsuit underlying this appeal, the trial court determined that Taylor had not complied with the notice requirements of the Indiana Tort Claim Act (ITCA). The ITCA governs civil lawsuits against governmental entities and their employees. Ind. Code §§ 34-13-3-1 (1998), -3 (2006). "Governmental entity" for purposes of the ITCA means a political subdivision of the state, and a town's police department and offices of the mayor, assistant mayor, and town manager are political subdivisions. Ind. Code §§ 34-6-2-49(a) (2002), -110(4) (2007). The ITCA provides that a claim against a political subdivision is barred unless notice is filed with the governing body of the political subdivision and the Indiana political subdivision risk management commission within 180 days after a loss occurs. Ind. Code § 34-13-3-8 (1998). Where a plaintiff elects to sue a governmental employee in his or her individual capacity, notice under Indiana Code section 34-13-3-8 is required only if the act or omission causing the alleged loss is within the scope of the defendant's employment. *Chang v. Purdue Univ.*, 985 N.E.2d 35, 51 (Ind. Ct. App. 2013), *trans. denied*. The ITCA provides substantial immunity for conduct within the scope of a public employee's employment to ensure that public employees can exercise the independent judgment necessary to carry out their duties without threats of harassment or litigation over decisions made within the scope of their employment. *Id.* Compliance with the ITCA is a question of law for the court to decide. *Id.*

[9]     In his complaint, Taylor alleges that the information provided in the police report, probable cause affidavit, and charging information was fabricated and

that the police and the town officials are all involved in a conspiracy. Thus, all of the allegedly injurious actions upon which Taylor's tort claim is based were performed squarely within the context of the defendants' roles as the mayor, assistant mayor, town manager, and town police officers. Accordingly, notice under Indiana Code section 34-13-3-8 was required. *See Chang*, 985 N.E.2d at 51.

[10] In ruling upon the defendants' motion to dismiss, the trial court thoroughly reviewed the record and found that Taylor had not alleged any compliance with Section 34-13-3-8. In addition, defendants attached as an exhibit to their memorandum of law supporting their motion the affidavit of Joseph Petruch, the Chief of the Merrillville Police Department. In his affidavit, Chief Petruch stated that he reviews and catalogs all tort claim notices filed against the police department and that his review of the department's records revealed no tort claim notice being filed by Taylor. Appellant's App. Vol. 2, pp. 97-98.

[11] On appeal, Taylor asserts that he complied with Section 34-13-3-8 by filing a notice on December 19, 2017, but he fails to direct this Court to any documentation. Nevertheless, a review of Taylor's Appendix reveals a form document entitled "NOTICE OF TORT CLAIM." *Id.* at 11-20. Taylor's name is handwritten on the top left corner of the first page, and it is dated November 27, 2017. The document bears a file stamp from the Clerk of the Lake County Circuit Court dated December 19, 2017. There is also a line to be filled in with a certified mail number, but the line is blank. The last page of the document contains Taylor's signature with a date of November 27, 2017.

Taylor's claims would have accrued at least by November 9, 2007, the date of his guilty plea and sentencing. Accordingly, pursuant to Section 34-13-3-8, his tort claim notice was to be filed with the governing bodies for the Merrillville mayor, assistant mayor, town manager, and the Merrillville police officers as well as the Indiana political subdivision risk management commission within 180 days of that date—May 7, 2008. Consequently, the document Taylor filed with the Clerk of the Lake County Circuit Court in December 2017 failed to comply with the ITCA's notice requirements. *See Myers v. Maxson*, 51 N.E.3d 1267 (Ind. Ct. App. 2016) (affirming grant of summary judgment in favor of public defender and arresting officer in suit brought by defendant where actions upon which suit was based were performed within context of counsel and officer's employment and defendant failed to file tort claim notice within 180 days of date his claims accrued), *trans. denied*.

[12] Although the only basis stated in the trial court's order dismissing Taylor's complaint is his failure to comply with Section 34-13-3-8, we can affirm a trial court's dismissal on any theory or basis evident in the record. *See Blackman v. Gholson*, 46 N.E.3d 975, 977 (Ind. Ct. App. 2015). Therefore, we discuss additional grounds supporting the trial court's dismissal of Taylor's action.

[13] First, we note that a suit against a public officer concerning the officer's liability for an act or omission performed in the officer's official capacity is subject to a five-year statute of limitation. Ind. Code § 34-11-2-6 (1998). Taylor filed his complaint in this action on April 20, 2018 alleging misconduct of public officers in 2007. Accordingly, Taylor's action would also be barred based on his failure

to bring it within the statute of limitation period established by Indiana Code section 34-11-2-6.

[14] The trial court also could have properly dismissed Taylor's complaint under the authority of Indiana Code section 34-11-2-4 (1998), which provides for a two-year statute of limitation in actions for injury to person or character. Again, Taylor's cause of action accrued in 2007. The two-year statute of limitation provided for in Section 34-11-2-4 would have run in 2009. Consequently, Taylor's cause of action filed in 2018 is time-barred.

## Conclusion

[15] For the reasons stated, we conclude the trial court did not err by dismissing Taylor's action because he failed to comply with the ITCA's notice requirements. Further, his claim is otherwise barred by statutes of limitation.

[16] Affirmed.

May, J., and Bradford, J., concur.