

**FILED**

May 15 2023, 8:25 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Randall L. Parr
Riley L. Parr
Indianapolis, Indiana

ATTORNEY FOR JOHN C. COULSON, INDIVIDUALLY, AND AS TRUSTEE OF THE ZOE E. COULSON TRUST

Samuel C. Drummy
The Rowe Law Firm, LLC
Linton, Indiana

ATTORNEY FOR THE FIRST PRESBYTERIAN CHURCH OF SULLIVAN, INDIANA, AND THE BOARD OF TRUSTEEES OF THE FIRST PRESBYTERIAN CHURCH OF SULLIVAN, INDIANA

Judy L. Woods
Krieg DeVault, LLP
Indianapolis, Indiana

ATTORNEYS FOR WILLIAM TODD COULSON, INDIVIDUALLY, AND AS TRUSTEE OF THE BRADLEY KERR COULSON TRUST, BRADLEY KERR COULSON AND THE BRADLEY KERR COULSON TRUST

Joleen V. Klotz
James O. McDonald
Everett, Everett & McDonald
Terre Haute, Indiana

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nancy Coulson-Smith, | May 15, 2023 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 22A-PL-980 |
| v. | Appeal from the Sullivan Circuit Court |
| John C. Coulson, as Successor Trustee of the Zoe E. Coulson Trust; the Zoe E. Coulson Trust; John C. Coulson; William Todd Coulson; Bradley Kerr Coulson; William Todd Coulson, as Trustee of the Bradley Kerr Coulson Trust; the Bradley Kerr Coulson Trust; the First Presbyterian Church of Sullivan, Indiana; the Board Trustees of the First Presbyterian Church of Sullivan, Indiana; the Board of Trustees of the Old Pine Church; and the Old Pine Church of Philadelphia, Pennsylvania, | The Honorable Robert E. Hunley, II, Judge |
| | Trial Court Cause No. 77C01-2107-PL-410 |
| *Appellees-Defendants.* | |

**Opinion by Judge Robb**
Judges Mathias and Foley concur.

**Robb, Judge.**

# Case Summary and Issue

Nancy Coulson-Smith filed a complaint contesting the validity of an amendment to a trust naming her as a beneficiary. The trial court dismissed the complaint as untimely. Nancy appeals, raising the issue of whether an agreement she entered into with the trustee tolling the statute of limitations was valid to extend the time in which she could file her complaint. Concluding the Tolling Agreement was valid, we reverse and remand for further proceedings.

## Facts and Procedural History

Zoe E. Coulson established the Zoe E. Coulson Agreement of Trust ("Trust") in December 1993. Over the years, Zoe amended the Trust several times, including in February 2009. The next and final amendment was made in November 2016 ("2016 Amendment"). The 2016 Amendment named Zoe and John C. Coulson[1] as Co-Trustees of the Trust. Nancy Coulson-Smith was a beneficiary of the Trust and remained a beneficiary under the 2016 Amendment. Other beneficiaries under the 2016 Amendment included John, William Todd Coulson, Bradley Kerr Coulson,[2] the Bradley Kerr Coulson Trust, and William as Trustee of the Bradley Kerr Coulson Trust. Zoe died on May 11, 2018, leaving John as the sole Trustee.

---

[1] John is Zoe's brother.

[2] Nancy, along with William and Bradley, are children of Zoe's deceased brother Lee A. Coulson.

[3] On May 11, 2021—the third anniversary of Zoe's death—John, as Trustee, and Nancy entered into a Tolling Agreement, reciting that Nancy has certain claims relating to the Trust, "including whether [Zoe] had the capacity to execute the [2016 Amendment.]" Appellant's Appendix, Volume II at 32.

> The Parties wish to enter into this Agreement in order to toll any statutes of limitations or statutes of repose that may apply to any claims, counterclaims, damages or causes of action in any way arising out of the [capacity and fiduciary duty claims] . . . and also to suspend the effect of any defenses such as laches, estoppel[,] waiver or similar equitable defenses based upon the running of any statute of limitations, statute of repose, or the passage of time while they attempt to mediate the Claims.

*Id.* Accordingly, the parties agreed that "[a]ny . . . statutes of limitations relating to any legal action or proceeding that may be available to [Nancy] . . . and all other time-related limitations or defenses" "shall be tolled as of the Effective Date with such tolling continuing through the Termination Date" as defined in the Tolling Agreement.[3] *Id.*

[4] On July 16, 2021, Nancy filed a Complaint contesting the validity of the 2016 Amendment. She named the Trust, John in his capacity as Trustee of the

---

[3] The Tolling Agreement was to remain in effect until:

    a. John answers Nancy's first set of interrogatories served January 20, 2021;
    b. John responds to Nancy's first request for production served January 20, 2021, including specifically the production of documents in Nos. 3-7;
    c. John files the statutory accounting for the 1993 Trust;
    d. 30 days following John's compliance with a-c above; *and*
    [e]. 10 days following a mediation conference (the "Termination Date").

*Id.* at 33.

Trust, John in his individual capacity, William, Bradley, the Bradley Kerr Coulson Trust, William as Trustee of the Bradley Kerr Coulson Trust, and other beneficiaries of the Trust as defendants.[4] The complaint alleged that on November 5, 2016, Zoe "did not possess the soundness of mind required in order to validly amend" the Trust "and as such, the 2016 Amendment is invalid." *Id.* at 15. Nancy asked the trial court to declare the 2016 Amendment "to be invalid and to declare its terms a nullity" in favor of the terms of the February 2009 amendment governing the disposition of the trust property. *Id.* at 16.

[5] John, in his capacity as Trustee and in his individual capacity, filed an answer and asserted as defenses that Nancy's complaint was barred by the applicable statute of limitations and by the doctrine of laches.

[6] William, Bradley, the Bradley Kerr Coulson Trust, and William as Trustee of the Bradley Kerr Coulson Trust (collectively, the "Trust Beneficiaries") filed a motion to dismiss Nancy's complaint. In their motion, the Trust Beneficiaries alleged Indiana Code section 30-4-6-14 requires a person to commence a proceeding contesting the validity of a revocable trust within three years of the settlor's death. As Zoe died on May 11, 2018, they alleged Nancy was required

---

[4] Additional beneficiaries are the First Presbyterian Church of Sullivan, Indiana and its Board of Trustees (collectively "First Presbyterian Church") and the Old Pine Church of Philadelphia, Pennsylvania and its Board of Trustees. Neither church participated in the trial court proceedings described herein. The First Presbyterian Church has filed a brief in this appeal but takes no position as to the validity or effect of the Tolling Agreement. *See* Brief of [First Presbyterian Church] at 4.

to file her complaint no later than May 11, 2021, and because her complaint was filed on July 16, 2021, she failed to state a claim upon which relief could be granted.[5] Nancy responded to the motion to dismiss by invoking the Tolling Agreement:

> 7. [Nancy] denies that this Court lacks jurisdiction over the subject matter due to the expiration of the time period specified in Indiana Code 30-4-6-14.
>
> 8. [Nancy] denies that Trial Rule 12(B)(6) applies to [her] Complaint by virtue of I.C. 30-4-6-14, and [Nancy] asserts that through her Complaint [she] has indeed stated a claim upon which relief can be granted.
>
> 9. A certain Tolling Agreement entered into by and between the Trustee of the . . . 2016 Amendment and [Nancy], conferred upon [Nancy] the authority to file her Complaint on July 16, 2021 by virtue of the power and authority of the Trustee to toll and extend the I.C. 30-4-6-14 time period, which apparent Trustee power and authority [Nancy] relied upon with respect to the prosecution, defense, and management of the particular legal controversy regarding the 2016 Amendment.

---

[5] A Trial Rule 12(B)(6) motion is an appropriate means to raise the statute of limitations when the complaint shows on its face that the limitations period has run. *See William F. Braun Milk Hauling, Inc. v. Malanoski*, 192 N.E.3d 213, 217 (Ind. Ct. App. 2022). The Trust Beneficiaries' motion also alleged that because Nancy failed to file her complaint on or before May 11, 2021, the trial court lacked jurisdiction over the subject matter of her complaint. However, Trial Rule 12(B)(1) "is not a proper procedural vehicle for a motion to dismiss" based on a statute of limitations. *Kennedy Tank & Mfg. Co., Inc. v. Emmert Indus.Corp.*, 67 N.E.3d 1025, 1028 n.1 (Ind. 2017). Legal errors are not the same as jurisdictional defects. *See R.L. Turner Corp. v. Town of Brownsburg*, 963 N.E.2d 453, 457 (Ind. 2012) (noting "[s]ubject matter jurisdiction exists when the Indiana Constitution or a statute grants the court the power to hear and decide cases of the general class to which any particular proceeding belongs").

*Id.* at 49. The Tolling Agreement was one of several exhibits attached to Nancy's response.

[7] The trial court held a hearing on the motion to dismiss. At the hearing, the parties stipulated to the following facts:

- The Trust Beneficiaries were not aware of the Tolling Agreement prior to the expiration of the statute of limitations;
- The Tolling Agreement is authentic;
- The matter is purely a legal question and no testimony would be given.

*See* Transcript, Volume 1 at 6. After hearing argument from attorneys for the Trust Beneficiaries, Nancy, and John, the trial court took the motion under advisement. The Trust Beneficiaries and Nancy each filed a post-hearing brief. John, in both his individual capacity and his capacity as Trustee, filed a brief in support of the Trust Beneficiaries' motion.

[8] Having considered the motion and response, the arguments at the hearing, and the parties' post-hearing briefs, the trial court issued an order granting the Trust Beneficiaries' motion to dismiss for the following reasons:

> (1) the three (3) year statute of limitations set forth in I.C. 30-4-6-14 applies;

> (2) the Tolling Agreement is invalid because [the Trust Beneficiaries] and other beneficiaries with interests in the trust, were not parties to, and did not sign, the Tolling Agreement; and

(3) the procedures set forth in I.C. §30-4-7 *et seq.*, were not followed such that the Tolling Agreement is invalid.

Appealed Order at 1-2. The trial court dismissed Nancy's complaint with prejudice as to all defendants. Nancy now appeals.

# Discussion and Decision

## I.    Standard of Review

The Trust Beneficiaries made, and the trial court granted, a motion to dismiss Nancy's complaint pursuant to Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted. The trial court's grant of a motion to dismiss is proper if it is apparent that the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. *Chenore v. Plantz*, 56 N.E.3d 123, 126 (Ind. Ct. App. 2016). In ruling on a motion to dismiss for failure to state a claim, the trial court may look only to the complaint and may not resort to any other evidence in the record. *Id*. However, "[i]f . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Ind. Trial Rule 12(B).

Here, Nancy attached several documents to her response to the Trust Beneficiaries' motion to dismiss, including the Tolling Agreement. The Trust Beneficiaries stipulated to the authenticity of the Tolling Agreement and that

the issue was a question of law upon which no testimony was needed.[6] The trial court did not exclude the Tolling Agreement and, according to the plain language of its order, considered the Tolling Agreement in deciding whether Nancy's complaint was filed within the applicable statute of limitations. Therefore, although the Trust Beneficiaries denominated their motion a motion to dismiss and the trial court referred to the motion as such in its order, we review the trial court's order as a ruling on a motion for summary judgment because the trial court considered the Tolling Agreement. *See State v. Costas*, 552 N.E.2d 459, 462 (Ind. 1990) (stating that because the trial court held an evidentiary hearing on the respondent's motion to dismiss, the court would review its grant of the motion as a ruling upon a motion for summary judgment).

[11] As with any motion for summary judgment, we review de novo whether there is any genuine issue of material fact and whether the Trust Beneficiaries as the moving parties are entitled to judgment as a matter of law. T.R. 56(C). In doing so, we construe all facts and reasonable inferences in the light most favorable to Nancy as the nonmoving party. *Brazauskas v. Fort Wayne-S. Bend Diocese, Inc.*, 796 N.E.2d 286, 290 (Ind. 2003).

---

[6] Indiana Trial Rule 12(B) also provides that if a motion to dismiss is treated as a motion for summary judgment, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Because the Trust Beneficiaries stipulated to the authenticity of the Tolling Agreement and declined to offer any testimony at the hearing on the motion, they seem to have been given this opportunity.

## II. Validity of the Tolling Agreement

[12] "Matters of statutory interpretation present pure questions of law; as such, these questions are reviewed *de novo*." *Rodriguez v. State*, 129 N.E.3d 789, 793 (Ind. 2019). Moreover, because statutory interpretation is a question of law, summary judgment is particularly appropriate. *Speedy Wrecker Serv., LLC v. Frohman*, 148 N.E.3d 1005, 1009 (Ind. Ct. App. 2020). Here, the parties dispute whether the Tolling Agreement was subject to Indiana Code chapter 30-4-7 (the "Compromise Chapter") such that the agreement was required to be executed by all interested persons, including the Trust Beneficiaries.[7] The trial court determined that it was.

---

[7] Nancy's brief also addresses whether John, as Trustee, had the authority to enter into the Tolling Agreement and whether the Trust Beneficiaries had standing to make the motion to dismiss.

As for the Trustee's authority, the Trust Beneficiaries do not specifically challenge that authority and in fact, call it "irrelevant" to the question presented by their motion to dismiss. [Trust Beneficiaries'] Response Brief at 13. The only party to claim the Trustee did not have authority to enter the Tolling Agreement was the Trustee himself. Here, Nancy and John entered into the Tolling Agreement and Nancy relied on that agreement when filing her complaint more than three years after Zoe died. Then John, as Trustee and individually, took an inconsistent position by filing an answer asserting the statute of limitations as an affirmative defense to Nancy's complaint and aligning with the Trust Beneficiaries on their motion to dismiss and in this appeal, but he is estopped from now disclaiming the Tolling Agreement. *See Town of New Chicago v. City of Lake Station ex rel. Lake Station Sanitary Dist.*, 939 N.E.2d 638, 653 (Ind. Ct. App. 2010) (stating estoppel is a judicial doctrine sounding in equity based on the principle that "one who by deed or conduct has induced another to act in a particular manner will not be permitted to adopt an inconsistent position, attitude, or course of conduct that causes injury to such other") (citing *Brown v. Branch*, 758 N.E.2d 48, 51-52 (Ind. 2001)), *trans. denied*. We will therefore not consider his argument that he lacked authority to toll the statute of limitations on behalf of the Trust Beneficiaries. *See* Response Brief of [John C. Coulson] at 7.

As for the Trust Beneficiaries' standing, we need not address it given our resolution of the statutory issue.

[13] We begin with the premise that parties may enter into agreements to toll the statute of limitations. *See*, *e.g.*, *City of Marion v. London Witte Grp., LLC*, 169 N.E.3d 382, 394 (Ind. 2021) (acknowledging parties entered into a "valid tolling agreement that tolled the statute of limitations" for plaintiff's claims); *cf. In re Julie R. Waterfield Irrevocable Tr. Agreement Dated October 21, 1997*, 960 N.E.2d 800, 807 (Ind. Ct. App. 2011) (acknowledging the parties entered into a tolling agreement but noting a tolling agreement executed after the statute of limitations has already expired has no effect).

[14] The question in this case is the nature and effect of the Tolling Agreement the Trustee and Nancy executed. In pertinent part, Indiana Code section 30-4-7-1 states:

> This chapter applies to the compromise of a contest or controversy with respect to the following:
>
> (1) The construction, validity, or effect of a trust instrument.
>
> (2) The identity, rights, or interests of a beneficiary of a trust.
>
> (3) The administration of a trust.

Ind. Code § 30-4-7-1(1), (2). When the Compromise Chapter applies:

> The terms of [the] compromise . . . must be set forth in an agreement that is:
>
> > (1) in writing; and

> > (2) executed by all persons or the guardians or guardians ad litem appointed under section 4 of this chapter of all persons who:
> >
> > > (A) have an interest in the trust; or
> > >
> > > (B) have a claim against the trust.

Ind. Code § 30-4-7-6.

Nancy contends the Tolling Agreement is not a compromise subject to the requirements of the Compromise Chapter, asserting the Tolling Agreement is only "tangentially" related to Zoe's trust. Brief of Appellant at 16. The Trust Beneficiaries counter that the "Tolling Agreement itself is the compromise of a contest or controversy with respect to the construction, validity or effect of a trust instrument and the rights or interests of trust beneficiaries." [Trust Beneficiaries'] Response Brief at 11.

In *Bergal v. Bergal*, 153 N.E.3d 243 (Ind. Ct. App. 2020), *trans. denied*, the wife of the settlor had diverted several trust assets to herself after the settlor became incapacitated. The reduction in trust assets effectively disinherited the settlor's son. When this became known shortly after the settlor's death, the wife and son had a meeting at which the wife admitted to re-titling the assets and admitted the settlor did not intend to disinherit his son. Among other things, the wife agreed to replace the assets into the trust in exchange for the son's agreement "to refrain from filing a lawsuit and to try to restore family harmony." *Id.* at

248. The wife did disclaim her status as primary beneficiary of one asset but took no further action on the remaining assets.

[17] When it became apparent the wife did not intend to return the rest of the assets to the trust, the son filed a complaint making several claims, including breach of contract. The wife filed a motion to dismiss the son's breach of contract claim arguing the contract stemming from the family meeting pursuant to which she had agreed to return assets to the trust must have been in writing to be enforced, citing the Compromise Chapter. The trial court denied the motion. A jury found in favor of the son and against the wife on all the son's claims and the wife appealed.

[18] One of the issues on appeal was whether the trial court erred in denying the wife's motion to dismiss. The wife argued the general rule that oral agreements are enforceable did not apply because the agreement related to the administration of the trust and the Compromise Chapter therefore required the agreement to be in writing. *See* Ind. Code § 30-4-7-1(3). "[E]ssentially, [the wife argued] that because the agreement *relates* to a trust, it necessarily falls under" the Compromise Chapter. *Bergal*, 153 N.E.3d at 252. We disagreed, noting the "General Assembly did not draft that chapter so broadly[; i]nstead, it limited the statute's reach" to certain aspects of trusts. *Id.* Because the agreement "did not concern the management or supervision of the Trust, [or] relate to how, when, or to whom assets were to be directed or disbursed, [or] concern the manner in which assets were to be invested or safeguarded[,]" it did

not relate to the administration of the Trust. *Id.* Therefore, the agreement did not have to be in writing.

[19] Like the wife in *Bergal*, the Trust Beneficiaries essentially argue that because the Tolling Agreement relates to the trust, it must be subject to the Compromise Chapter and be executed by all interested persons and approved by the court. They baldly assert the Tolling Agreement "is a compromise of a contest or controversy with respect to the construction, validity or effect of a trust instrument and the rights or interests of trust beneficiaries" without showing *how* it is so. [Trust Beneficiaries'] Response Br. at 11. The Trust Beneficiaries' own definition of "compromise" as "[a]n agreement between two or more persons to settle matters in dispute between them" belies their argument. *Id.* (quoting Black's Law Dictionary, 7th ed.). The Tolling Agreement did not *settle a dispute* about the applicable statute of limitations – that was a matter of statute. It simply *tolled* that accepted statute of limitations and allowed Nancy more time to file her complaint. Moreover, reading the Compromise Chapter as a whole, section 10 states that if the court approves a compromise agreement, "all further disposition of the trust that is within the scope of the agreement shall be made under the terms of the agreement." But the Tolling Agreement did not address disposition of the trust or any other matter concerning the trust itself.

[20] As the court in *Bergal* said, it is not enough that the agreement *relate* to a trust; it must be "[a] compromise of a contest or controversy" related to one or more of the *limited aspects* of a trust defined in section 30-4-7-1. Here, although the

Tolling Agreement provided Nancy additional time to contest the validity of the trust, it did not address any substantive issue surrounding the trust. It did not settle a controversy about the validity of the trust; nor did it impact the construction or effect of the trust; the identity, rights, or interests of a beneficiary; or change the terms of the trust. The adjudication of Nancy's complaint—by the trial court or by a *later* agreement about the *substance* of the complaint—may affect any or all of those things, but when the Tolling Agreement was signed, Nancy had of course not yet filed her complaint.[8]

[21]     The Probate Code has a similar compromise provision requiring a compromise agreement about the construction, validity, or effect of a testamentary instrument or the rights or interests of a beneficiary of such instrument to be in writing and approved by the court. *See generally* Ind. Code ch. 29-1-9. The probate chapter's purpose is "to set up legal machinery whereby parties having an interest in a decedent's estate may compromise any difference they may have with reference to a division of the corpus of the estate, and obtain a court order approving the compromise." Ind. Code § 29-1-9-1, 1953 cmt.

> As such, the settlement agreement is a contractual agreement to transfer and distribute property among the parties so as to avoid litigation. There is no statutory requirement that the agreed-to distributions mirror one or more of the instruments in dispute. The compromise statute is not merely a mechanism for

---

[8] We do note the parties stated they were entering into the Tolling Agreement to toll any statutes of limitations "while they attempt to mediate" Nancy's claims. Appellant's App., Vol. II at 32. Had mediation been successful, it is possible the ensuing agreement may have required the provisions of the Compromise Chapter to be followed.

> enforcement of existing will provisions; it permits living persons to agree to accept alternative provisions.

*In re Estate of Yeley*, 959 N.E.2d 888, 894 (Ind. Ct. App. 2011), *trans. denied*.

[22] Although the probate compromise chapter is not directly applicable to this case, the similarity in the provisions make cases interpreting it instructive here. The Tolling Agreement is not, as described in *Yeley*, an agreement by which the beneficiaries of the Trust have agreed to accept alternative provisions in order to settle a dispute over distributions and avoid or settle litigation. The Tolling Agreement is not a "compromise of a contest or controversy" requiring the provisions of the Compromise Chapter to be followed. Accordingly, the Tolling Agreement validly extended the time for Nancy to file a complaint. As no party has contended Nancy did not file her complaint within the time allowed by the Tolling Agreement, Nancy is entitled to judgment as a matter of law that her complaint is not untimely.

## Conclusion

[23] We reverse and remand this matter to the trial court with instructions to vacate its order dismissing Nancy's complaint and reinstate Nancy's cause of action.

[24] Reversed and remanded.

Mathias, J., and Foley, J., concur.